Blank *v.* Dreher et al.

CHRISTOPHER BLANK, Appellant, *v.* CHARLES DREHER *et al.*, Appellees.

APPEAL FROM ST. CLAIR.

| 25 | 331 |
| 87a | 144 |
| 25 | 331 |
| 189 | ¹133 |

Whether an undertaking is original or collateral, is to be determined, not from the particular words used, but from all the circumstances attending the transaction.

THIS was an action of assumpsit, brought by appellees against appellant. The first count of declaration is for twenty-eight thousand brick purchased by Blank from appellees at $5.75 per thousand, to be delivered at the depot of the Ohio and Mississippi Railroad Company in Summerfield, and alleges that said brick were there delivered accordingly. Second count is in the usual form, for twenty-eight thousand brick, sold and delivered by appellees to appellant, at his request. Appellant plead the general issue.

At the March term, 1860, a trial was had by consent, by the court, and judgment rendered against appellant for $161 and costs. Appeal was taken to the Supreme Court, and cause to be heard at Springfield.

Appellees proved, by a Mr. *Dew*, that plaintiff shipped to Mr. Cunningham, of Salem, twenty-eight thousand good brick, on the 5th, 6th, and 7th of August, 1858.

Plaintiff proved, also, by one *O'Doske*, that he was at Mr. Peeples, in Summerfield, about the first of August, 1858, when

Charles Dreher, one of the plaintiffs, and defendant, Blank, came there. The defendant said to Mr. Peeples that Mr. Cunningham had sent an order to defendant for thirty thousand brick, which he (the defendant) could not fill, and which said Cunningham promised he would pay for in thirty days; that he needed them, and wanted them sent right on; and Mr. Dreher had come to see said Peeples, if Cunningham was good pay or not. The defendant then said to Dreher, You need not inquire further. Cunningham says he will pay for them in thirty days. Only send up the brick; they need them very badly, and if he don't pay for them in thirty days, I will be good for them. The plaintiff said, that will do, or I am satisfied; I will send him the brick.

The defendant then introduced a Mr. *Cunningham*, to whom the above brick were sent, who stated that he sent a request to the defendant, Blank, that he would send him thirty thousand brick, by the Ohio and Mississippi Railroad, as he was in need of them; that payment would be made in thirty days; that he had purchased brick previously of the defendant, and had told him he might want more. Early in August, 1858, about six or eight days after request of witness to the defendant, twenty-eight thousand brick reached Salem. The plaintiff came on the next day and called on witness to receive them. Witness told the plaintiff that the brick were not good, and he did not want to take them. Plaintiff tried to persuade witness that they were good, and telling him, at the same time, that he had a large quantity of good brick, and would like to furnish him with more. Dreher, the plaintiff, then went home. Miller came the next day and received the brick at the price at which they were billed, that is, $5.75 per thousand, and witness credited Dreher & Co. with the brick, upon the books, to be paid in thirty days. Witness told Dreher if Miller accepted of the brick when he came, Dreher would get his money in thirty days, to which plaintiff took no exception. During all the conversation between the witness and plaintiff, the defendant's name was never mentioned or referred to. The witness stated further that the brick were never paid for.

This was all the material evidence in the case.

The court found for plaintiff. Defendant moved for a new trial, 1st, Because the evidence did not sustain and prove the declaration; 2nd, Because the promise proved was within the statute of frauds and perjuries; which motion was overruled by the court *pro forma*, and to which decision of the court, Blank at the time excepted.

This cause is brought by appeal, and appellant assigns for

error : 1st, The court below erred in finding for the appellees ; 2nd, In refusing to grant appellant a new trial.

WM. H. UNDERWOOD, for Appellant.

JEHU BAKER, for Appellees.

BREESE, J.   Whether an undertaking is original or collateral merely, is to be determined, not from the particular words used, but from all the circumstances attending the transaction.   Both the terms of this contract, and the circumstances of the transaction, show to our minds quite conclusively, that Blank's undertaking was collateral only.

The proof shows the brick were bought by Blank for one Cunningham, of Salem, Marion county, and so known to the sellers, Blank saying that he " would be good for them, if Cunningham did not pay in thirty days."   The brick were forwarded to Cunningham and received by him.

This was clearly a collateral undertaking by Blank, and to bind him, should have been in writing.   Cunningham was liable the moment the brick were delivered to him in Salem.   The judgment is reversed.

*Judgment reversed.*