VAUGHN WILLIAMS, Appellant, *v.* DANIEL CORBET, Appellee.

### APPEAL FROM PEORIA.

An original undertaking to pay for cattle is not within the statute of frauds; a collateral undertaking would be.

It is not error for the Circuit Court to strike a written plea from the files of a case, appealed from a decision of a justice of the peace.

The statute of frauds is presumed to have been pleaded before a justice of the peace.

THIS was an action in assumpsit, commenced before a justice of the peace in Peoria county, and a judgment rendered for the defendant, from which judgment the plaintiff appealed to the County Court of Peoria county, where the cause was tried, and judgment rendered against the defendant below for the sum of fifty dollars and costs, from which judgment the defendant appeals to this court.

INGERSOLL & WEAD, for Appellant.

JOHNSON & HOPKINS, for Appellee.

BREESE, J. We do not think the evidence in this case makes out that Williams, the appellant, was the security of Caldwell, or that Caldwell was the purchaser of the cattle of appellee. He received them, it is true, and drove them away, but the appellant's undertaking was an original undertaking to pay for them, not that he would see that Caldwell paid for them. It was only on this promise and undertaking, appellee consented to let the cattle go. It is therefore not a collateral undertaking, but an original one. Although the property passed from appellee to Caldwell, the consideration passed from appellant to appellee. That appellant was the person to whom the credit was given, is clear, and that fact makes the undertaking original and not collateral, and therefore not within the statute of frauds. The whole was one single bargain, and appellant's promise was incorporated into the contract and became an essential part of it. It is not at all like a case where the contract is executed, and the promise to pay made after the debt was created; such a promise in such a case must, to be binding, be in writing. That would be a promise " to answer for the debt, default or miscarriage of another," and within the statute. So if the credit be not, at the time of the contract, given to the promisor.

The facts in this case show that the appellant took Caldwell's note for the price of the cattle got of appellee. He has been paid for them, and it is just and equitable he should pay appellee this price.

No pleas in writing are had before a justice of the peace,

and consequently it was not error to strike a written plea, filed in his court, from the files. In a justice's court, all proceedings are *ore tenus*, and the statute of frauds is presumed to be pleaded, if necessary to the defense. *Comstock* v. *Ward*, 22 Ill. 248.

As we understand the case, conversations were had between all the parties, about appellant becoming surety for the payment of the cattle, but they were propositions merely; the final contract was, that Caldwell should take the cattle—that he should give his note to appellant for their price, and appellant should pay appellee. This was the view the jury took of it, and although the testimony may be somewhat conflicting, it was their province to reconcile it. The weight of the evidence certainly is, that the appellee parted with his cattle, solely on the promise of appellant and on his credit. A suit by appellee against Caldwell, under such proof, must have been unsuccessful.

We think the instructions given by the court were substantially correct.

The judgment is affirmed. *Judgment affirmed.*