## WILLIAM T. HUGHES
### *v.*
## HENRY ATKINS *et al.*

ALLEGATIONS AND PROOFS—*of an original and a collateral promise.* In an action for goods alleged to have been sold and delivered by the plaintiff to the defendant, if it appears the goods were sold upon the personal promise of the defendant to pay for them, and the credit was given to him, he will be liable, but if the goods were sold to another, then the defendant will not, in such action, be liable, even though he had agreed to be responsible for the payment.

APPEAL from the Superior Court of Chicago; the Hon. JOSEPH E. GARY, Judge, presiding.

The opinion states the case.

Messrs. BONNEY & GRIGGS, for the appellant.

Messrs. HITCHCOCK & DUPEE, for the appellees.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action of assumpsit brought by Atkins & Co. against Hughes for goods sold and delivered upon his order, while he was acting under a decree of court as receiver of a hotel called the Sherman house in the city of Chicago. The only real question in the case is, whether the credit was given to Hughes or to Roberts, the former proprietor. Was Hughes the real purchaser, or was he only a guarantor for Roberts? This question was left to the jury by the court in a series of instructions given for both parties, to which there is no substantial objection. They said, in substance, if the goods were sold upon the personal promise of Hughes to pay for them, and if the credit was given to him, he would be liable, but if the goods were sold to Roberts, then Hughes would not, in this action, be liable, even though he had agreed to be responsible for the payment. The jury found for the plaintiff, and we are so far from being inclined to disturb their verdict, that we do not see how they could have found otherwise. The evidence leaves no doubt that the sale was made exclusively to Hughes and upon his exclusive credit.

An error is assigned upon the refusal of the court to exclude the deposition of the witness Lawrence. But the court excluded so much of the deposition as professed to state the contents of a letter, and the residue was legitimate evidence. This letter did not, as assumed by counsel for plaintiff in error, embody the contract in any such sense as to make its production indispensable as the highest evidence. It was simply a letter written by the witness to Atkins & Co., at the request of Hughes, in which he stated, Hughes would be personally responsible for the goods, if they would send them. But it did not constitute the contract, nor was it any better evidence of the understanding upon which the goods were sold by the one party and bought by the other, than the other letters and parol evidence in the record, and these show beyond all question that the verdict of the jury was right.

*Judgment affirmed.*