DAVID C. GEARY

*v.*

PATRICK O'NEIL.

1. INSTRUCTIONS—*must be based on the evidence.* Instructions must be based on the evidence and announce correct legal principles; and where the defense is, not that the promise of defendant was to pay the debt of another, but that he never made any promise at all, it is not erroneous to refuse an instruction based upon the hypothesis that, if there was any promise made by the defendant, it was to pay the debt of another.

2. PROMISE—*whether original or collateral.* Where the question involved is whether a promise is original or collateral, the test is whether the credit is given to the person sought to be charged, or to some one else who the person sought to be charged guaranteed should pay the debt.

3. Although goods are delivered to a person other than the one to whom they are sold and to whom the credit is given, if they are so delivered at the request of the purchaser, he will be liable.

38—73D ILL..

73 593
151 175

73 593
54a 653

73 593
70a 181

73 593
87a 410

73 593
189 [3]133
189 [2]134
a189 [2]135

73 593
99a [2]322

APPEAL from the Superior Court of Cook county; the Hon. JOSIAH McROBERTS, Judge, presiding.

Messrs. SNOWHOOK & GRAY, and Mr. W. M. JOHNSON, for the appellant.

Messrs. HAWES & LAWRENCE, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This suit was brought by appellee, to recover for a quantity of liquors claimed to have been sold and delivered by plaintiff to defendant. On the trial below, it was insisted, by defendant, that, although the goods were charged on the books to him, it was understood that he was in no event to be responsible for their payment; that they were purchased by and for his brother James. On the other hand, it is claimed that it was understood, before the goods were delivered, that defendant was to be responsible for the goods. The jury found for plaintiff, and, after overruling a motion for a new trial, the court rendered a judgment on the verdict, and this appeal is prosecuted to reverse the judgment.

It is insisted that there is no count in the declaration under which the recovery could be had; that there should have been a count for goods bargained and sold. We perceive no force in this objection. The evidence, if it shows anything, proves that the goods were sold and delivered. There can be no pretense that the evidence tends, in the slightest degree, to prove a mere contract of purchase, without a delivery, that would render a count for goods bargained and sold necessary. The evidence, as contradictory as it is in other respects, does prove that the goods were sold, either to appellant or his brother, and were delivered to his brother. This was not controverted in the court below, nor is it in this. The controlling question then was, and now is, whether the credit was originally given to appellant or to James Geary. On that question, the jury have found that the credit was given to appellant, and not to James. The evidence on the question

presented a sharp and actual conflict that could not be recon-
ciled. It was, for the jury to decide where the truth lay, and
having determined it, and the judge trying the case having
expressed his satisfaction with the finding, we shall not exam-
ine, critically, the evidence, as it appears on paper, and balance
it nicely, to see if the finding is right. It was the duty of the
court below, on the motion for a new trial, to so consider the
evidence, and, if not satisfied with the verdict, to have set
it aside, and we will presume he performed his duty. He saw
the witnesses, and had superior means of judging to whom
credit should be given, and we shall not disturb his decision
on that question.

It is also objected that the court erred in refusing to give
appellant's sixth instruction. That instruction had no evi-
dence to support it. It proceeded upon the theory that if a
promise was made by appellant, that it was to pay a debt of
his brother. The defense was, that appellant never promised
to pay for the goods in any manner, but that they were sold
and delivered to James, and that the credit was alone given to
him. There was not, so far as we can see, any defense that the
promise was collateral, but it denied any promise of any de-
scription. Instructions must be based on the evidence, and
announce correct legal principles, to entitle them to be given.
But the eighth of appellant's instructions contained, substan-
tially, all that was in the sixth, and it was given. The instruc-
tions given presented the law of the case fairly to the jury,
and we fail to see that the jury refused to obey them. The
modification of appellant's instructions before they were
given was not erroneous. As modified, they presented the
law of the case correctly, and could not have misled the jury.

There was evidence tending to prove that appellant's promise
was original, and that the credit was given alone to him.
In fact, if appellee's evidence had been the only testimony in
the case, no one could have doubted that such was the fact.
Where the question involved is whether the promise is ori-
ginal or collateral, the test is whether the credit is given to the
person sought to be charged or to some one else, and the per-

son sought to be charged only guaranteed that the person to whom the credit was given should pay the debt, or that the person sought to be charged was to be liable at all events or only in case the other failed to pay. *Hughes* v. *Atkins*, 41 Ill. 213; *Williams* v. *Corbet*, 28 Ill. 262; *Blank* v. *Dreher*, 25 Ill. 331. These cases settle the rule. In the second of these cases it was said, although the goods were delivered to a different person, if the credit was given to the defendant he was liable; that in such a case the consideration passed from the defendant to the plaintiff, although the property purchased by the defendant was, at his request, delivered to a third person.

As to the question whether the court erred in admitting appellee's ledger in evidence, we deem it unimportant, as it could not have changed the result. The sale of the goods, their price and delivery to appellant's brother, was clearly proved without reference to the book. James Geary testified that the amount and price charged were correct, and whether right or not to introduce the ledger, it did no harm, and hence forms no ground for a reversal.

The judgment of the court below is affirmed.

*Judgment affirmed*