HARTLEY BROS.

*v.*

ALLEN VARNER *et al.*

STATUTE OE FRAUDS—*promise to answer for debt of another.* Varner being in the store of Hartley, the parties had a conversation about one Reubottom's account with the latter. Hartley told Varner how much Reubottom owed him, and that he did not intend to credit him any further. Varner replied to this that Reubottom was all right, was at work for or with him, and if Hartley would sell him goods he, Varner, would see it paid: *Held,* in respect to goods subsequently sold to Reubottom, Varner's promise was original and not collateral, and was unaffected by the Statute of Frauds.

APPEAL from the Circuit Court of Edgar county; the Hon. OLIVER L. DAVIS, Judge, presiding.

Messrs. BISHOP & MCKINLAY, for the appellants.

Messrs SELLAR & DOLE, for the appellee.

Per CURIAM: This case was commenced before a justice of the peace of Edgar county, by appellant against Allen Varner and A. W. Reubottom, where judgment was rendered against Varner alone for $199. From that judgment Varner appealed to the circuit court of Edgar county, and judgment there was rendered in his favor.

Appellants bring the case here, and insist that the verdict of the jury, in the circuit court, was contrary to the evidence.

Joseph Hartley, one of the appellants, testifies that on the

24th of March, 1874, Varner came into the store of the appellants, and he and witness had a conversation about Reubottom's account; that he told Varner that Reubottom owed appellants then $8 or $9, and they did not intend to credit him any further; that Varner replied to this that Reubottom was all right, was at work for or with him, and if appellants would sell him goods he (Varner) would see it paid. He further says they then sold Reubottom goods, from that time on until October 26, 1874, to the amount of $160.91, exclusive of what Reubottom owed them prior to the conversation with Varner. Varner, in his evidence, utterly denies ever having had any such conversation, or that he was in appellants' store at the time stated. He says he did tell Joseph Hartley, in the street in Dallas, that he thought Reubottom was good and would pay him; but he positively denies that he ever agreed to vouch for him or pay this account.

Varner is uncorroborated by any other witness. Hartley is corroborated as to the fact that Varner was in appellants' store, at the time stated by him, by George Hartley and Simon Patterson, who both swear they saw Varner there at that time. He is also corroborated as to the fact that Varner agreed to become responsible for goods they might sell to Reubottom, by Patterson and Cassius M. Hawes. Patterson says he heard Varner say, at the time mentioned by Joseph Hartley, that he thought Reubottom was good, and that he would not be afraid to vouch for him.

Hawes says that Varner told him that Joseph Hartley had asked him about Reubottom's standing and if he should sell him goods on credit, and that he (Varner) had told him Reubottom was good, and authorized appellants to sell goods to Reubottom, and he would stand good for the same, and pay for them if Reubottom did not; that Varner said this was before the goods were bought, and he was afraid that he would have to pay for them.

There is nothing in this record to discredit Hartley, Hawes or Patterson any more than Varner, and it is impossible to say

the evidence does not clearly and decidedly preponderate in favor of the appellants.

It is claimed on behalf of appellee, however, that even if Varner said what Joseph Hartley says he did say, he is not bound by it, under the Statute of Frauds, because it was not in writing.

We understand the promise here to be original, and not collateral, and if this be so, it is unaffected by the Statute of Frauds. *Williams* v. *Corbet,* 28 Ill. 262; *Hughes* v. *Atkins et al.* 41 id. 213.

The judgment is reversed and the cause remanded.

*Judgment reversed.*