MICHAEL GEELAN

v.

ISABELL REID.

*Statute of Frauds—Original Promise—Evidence—Question for Jury.*

1.   Where the evidence is conflicting its credibility and weight are for the jury.

2.   An original undertaking, although for the benefit of another, is not within the Statute of Frauds.

[Opinion filed December 11, 1886.]

APPEAL from the Circuit Court of Kankakee County; the Hon. ALFRED SAMPLE, Judge, presiding.

Messrs. HALEY & O'DONNELL, for appellant.

A party suing upon a verbal promise to pay the debt of another can not hold the party to whom the consideration immediately passed and the party making the verbal promise both liable to him for the debt.   If appellee looked to Cleary for her debt, charged it to Cleary, submitted her bill to Cleary, collected part of the money from Cleary, and only sought to hold appellant in the event that Cleary should fail to pay, then this case clearly comes within the statute.   Chilcote v. Kile, 47 Ill. 88; Eddy v. Roberts, 17 Ill. 504; Williams v. Corbet, 28 Ill. 262.

Messrs. WILLIAM POTTER and H. K. WHEELER, for appellee.

WELCH, J. This was an action of *assumpsit* brought by the appellee against the appellant to recover for board and attention furnished by the appellee to Michael Cleary as claimed at the inquest of the appellant. Verdict and judgment for the appellee, from which the appeal is taken. On the night of the 4th of July, 1883, Michael Cleary, a single man and a brother-in-law of appellant, was brought to the boarding house of the appellee with his leg crushed by the cars. Two physicians were called and his leg was amputated. On the following morning at about four o'clock appellant, in response to a summons from appellee, came to her house to see his brother-in-law, Cleary, and whilst he was there, as testified to by appellee and two other witnesses, said to her, " Do all you can for him and I will see you paid." She took care of him and did all she could for him from that time until the 28th of August when appellant took him away. Appellant denies that he made any such promise. Whether the promise was made or not was a question of credibility of witnesses, and was a proper question for the jury. They decided against the appellant, and we do not feel inclined to disturb their finding. The question as to whether the promise, being parol, was void, is a question of law which must be determined according to established principles.

It is claimed on behalf of appellant, that even if he made the promise, as claimed, he is not bound under the first section of the Statute of Frauds. That the promise was not an absolute but only a collateral one, and not being in writing, was void. This question is not an open one in this State. The exact point was decided in Hartley v. Allen Varner, 88 Ill. 561. There the language was "if plaintiff would sell him (Reubottom) goods he would see it paid." It was held in that case that as to goods subsequently sold to Reubottom the promise was original and not collateral and was unaffected by the statute, *supra*. Williams v. Corbett, 28 Ill. 262; Hughes v. Atkins, 41 Ill. 213. We hold that the promise in this case was an original one and not affected by the Statute of Frauds.

The instructions of the court were substantially correct.   The case was fairly submitted to the jury.

*Judgment affirmed.*