### John Brandner v. Jacob Krebbs.

1. GUARANTY—*Essentials of the Contract.*—To put a party in the position of guarantor, it is essential that the person to whom the credit is to be given must himself be liable.

2. NEW TRIAL—*Motion for, Confined to Grounds Stated.*—Upon a motion for a new trial, assigning as the only ground that "the judgment is contrary to the law and the evidence, affidavits of new witnesses are not admissible.

Memorandum.—Assumpsit for physician's services. Appeal from the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard in this court at the March term, 1894, and affirmed. Opinion filed April 30, 1894.

The opinion states the case.

KICKHAM SCANLAN and EDGAR LEE MASTERS, attorneys for appellant.

FRANK W. BLAIR, attorney for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

February 21, 1893, two men, one the brother of the appellant, and another named Plesher, were hurt by the fall of a scaffold at a building where they were at work.

The appellee, a physician and surgeon, rendered services

in the line of his profession to Plesher, and the question in the case is whether the services were rendered at the request, and upon the promise, express or implied, of the appellant to pay for them.

That Plesher was unconscious is not disputed, and the preponderance of the evidence is that the appellant sent a messenger for a doctor, and the messenger brought the appellee, and that after he came, the appellant, in some form of words which is stated variously by the different witnesses, undertook that the appellee should be paid.

The appellant insists that if he incurred any liability, it was only that of guarantor, and that there being no writing, he is protected by the statute of frauds. But to put him in the position of guarantor, it is essential that Plesher should have been liable to the appellee. Brandt, Sur. & Guar. 56, *et seq.;* Geary v. O'Neil, 73 Ill. 593.

Plesher was unconscious when the appellee came to attend upon him, and although the services were for his benefit, and part of them rendered after he regained consciousness, yet there is not a syllable in the evidence indicating that anybody interested ever had a thought that he was liable. The finding of the court, without a jury, that the appellant was the party to whom alone credit was given, can not be disturbed.

The motion for a new trial assigned as the only ground that " the judgment is contrary to the law and the evidence." Upon such a motion affidavits of new witnesses are not admissible, and therefore those filed are not considered, further than to say that even if newly disclosed evidence had been ground of the motion, the affidavits would have been unavailing. The judgment is affirmed.