## Charles Calverley v. William E. Wirth.

1. Statute of Frauds—*Original Promise.*—An original promise is not affected by the statute of frauds.

2. Same—*Character of the Promise—Account Books.*—Where a man is keeping books, the real form of liability will, as a rule, be shown, whether original or collateral, or some satisfactory explanation will be given, as where an account runs thus—"Mr. H. H. M. (C. C. security) in account with W. E. W., grocer"—*it was held* to show the character of the promise.

3. SAME—*Object of the Statute.*—The statute of frauds was enacted to prevent the creation of a liability by parol on the part of one for the debt of another. Its rigidity has broadened the doctrine of original promise, but it should not be extended so as to include liabilities forbidden.

4. SAME—*The Promise is Either Original or Collateral.*—There can not be an original promise to pay for goods by both the buyer and the promisor. In case of an original promise there can be but one liability; the promise is either original or collateral.

**Assumpsit,** goods sold. Appeal from the Circuit Court of Wabash County; the Hon. EDMUND D. YOUNGBLOOD, Judge, presiding. Heard in this court at the February term, 1895. Reversed. Opinion filed July 1, 1895.

GEORGE P. RAMSEY, attorney for appellant.

MUNDY & ORGAN, attorneys for appellee.

MR. JUSTICE SAMPLE DELIVERED THE OPINION OF THE COURT.

Wirth sued Calverley on an account for goods furnished Mitchell, claiming that before the goods were so sold, Calverly had promised to pay for them. If a promise is original it is unaffected by the statute of frauds. Williams v. Corbett, 28 Ill. 262; Hughes v. Atkins, 41 Ill. 213. In this case the account ran during three months in the name of Mitchell alone, on the books of Wirth, and also on the pass-book of Mitchell, where all the items were entered. It began in February. In June, Calverley settled his account with Wirth, and was paid a balance due him. No mention was made of the Mitchell account, although Wirth then knew Mitchell had left the county. The account sued on and the one sent Calverley in July ran thus: " Mr. H. H. Mitchell (Chas. Calverley security) in account with W. E. Wirth, grocer." Wirth and his clerk testify to a promise to pay on the part of Calverley. The latter and Mitchell deny the promise and educe corroborative facts. It is said this is wholly a question of fact. But in the case of Hardman v. Bradley, 85 Ill. 102, it is said: " The books of account of the plaintiff are of the most convincing and conclusive character. * * * If one has a claim against another it will so appear on the books, and it will require very strong evidence

to show the entry was made by mistake. Here such proof is not attempted." In the Bradley case, as in this, settlements were made after the claimed liability arose and no mention at such time was made of the other account. The cases are much alike. The form of account in this case is like that in Everett v. Morrison, Breese, 49, where it was held there could be no recovery. In both these cases the judgments were reversed without remanding. There is no pretense in this case that Calverley and Mitchell had an understanding, at any time, that the former was to stand for an account the latter might run with Wirth. They settled their accounts without taking this one into consideration. Both claim they knew of no such agreement. Mitchell's pass-book indicates there was none on the part of Wirth. The statute of frauds was passed to prevent the creation of liabilities on the part of one for the debt of another, by parol. Its rigidity has broadened the doctrine of original promise, but it should not be extended, in fact, so as to include liabilities so forbidden. There could not have been an original promise to pay for the Wirth goods on the part of both Mitchell and Calverley. In case of an original promise, there can only be one liability. The promise is either original or collateral. And, as said in the Bradley case, where a man is keeping books, the real form of liability, as a rule, will be shown, whether original or collateral, or some satisfactory explanation will be given. The judgment is reversed without remanding.