## A. S. Clark v. Lowell A. Smith.

1. EVIDENCE— *Conversations Between Litigants — Admissions.* — Admissions or statements made by a party concerning the matter in dispute are always admissible, even though made after suit commenced.

2. STATUTE OF FRAUDS—*Original Undertaking to Pay for Goods Sold.*—Where a person tells a merchant to sell goods to his tenant and promises that he will pay for them, it is an original undertaking by him to pay for the goods and it is not necessary for the promise to be in writing.

3. INSTRUCTIONS—*Invading the Province of the Jury.*—An instruction which tells the jury that the charging of goods against the person who told the merchant to so charge them is a strong circumstance showing the undertaking of such person to be merely a collateral promise and void under the statute of frauds, is erroneous as invading the province of the jury.

4. SAME—*Whether There Was an Original Undertaking.*—An instruction which tells the jury that unless they find from the evidence that a good and valid consideration passed from the plaintiff to the defendant, and that the defendant signed and sealed a promise, agreement, memorandum or note in writing charging himself with the debt, they should find for him, is erroneous, as taking from the jury the consideration of the question whether there was an original undertaking on the part of the defendant to pay for the goods.

**Assumpsit,** for goods sold. Appeal from the County Court of Moultrie County; the Hon. JOHN D. PURVIS, Judge, presiding. Heard in this court at the November term, 1899. Reversed and remanded. Opinion filed February 27, 1900.

E. J. MILLER, attorney for appellant.

EWING & BALDWIN, attorneys for appellee.

MR. JUSTICE HARKER delivered the opinion of the court.

Appellant, a retail merchant, brought suit against appellee and Elmer Broomgart to recover for family supplies furnished Broomgart. Before the trial in the County Court, the suit was dismissed as to Broomgart. A trial by jury resulted in a verdict and judgment for appellee.

Broomgart was a tenant of appellee. Appellant testified that appellee told him to furnish the goods to Broomgart and promised that he (appellee) would pay for them. Appellee denied such promise and testified that he only said to appellant that Broomgart was all right. The court refused to admit evidence of conversations had between the parties and statements made by appellee, after the goods were furnished, relative to the alleged promise. In this the court erred. Admissions or statements made by a party concerning the matter in dispute are always admissible, even though made after suit commenced.

If the contention of fact made by appellant is true, then there was an original undertaking by appellee to pay for the goods and it was not necessary for the promise to be in writing. Eddy et al. v. Roberts, 17 Ill. 505; Geary v. O'Neil, 73 Ill. 593; Hartley v. Varner, 88 Ill. 561; Resseter v. Waterman, 151 Ill. 169.

The fourth instruction given for appellee told the jury that charging of goods against Broomgart and originally joining him in the suit with appellee was "a strong circumstance showing that the undertaking of Smith was merely a collateral contract and void under the statute." It clearly invaded the province of the jury and was erroneous for that reason.

The ninth instruction given for appellee told the jury that unless they found from the evidence that a good and valid consideration passed from the plaintiff to the defendant, and that Smith signed and sealed a promise, agreement,

memorandum or note in writing charging himself with the debt, they should find for him.

This instruction took from the jury the consideration of whether there was an original undertaking on the part of Smith to pay for the goods.

Because of these two erroneous instructions and the error of the court in refusing to admit in evidence conversations had between the parties and statements made by appellee after the goods were furnished, the judgment must be reversed and the cause remanded.

Reversed and remanded.