## J. K. Jones v. McLaughlin-Patrick Construction Co.

1. STATUTE OF FRAUDS—*Original and Collateral Promises—The Test.* —Where the question is whether the promise was original or collateral the test is whether the credit was given to the person sought to be charged, or to some one else, whom the person sought to be charged guaranteed should pay the debt.

Appeal from a Justice of the Peace.—Appeal from the Circuit Court of Ford County; the Hon. JOHN H. MOFFETT, Judge, presiding. Heard in this court at the May term, 1901. Affirmed. Opinion filed December 10, 1901.

SCHNEIDER & SCHNEIDER and S. L. LUDLOW, attorneys for appellant.

PADDOCK & COOPER and M. L. McQUISTON, attorneys for appellee.

MR. PRESIDING JUSTICE HARKER delivered the opinion of the court.

The city council of Gibson passed an ordinance requiring a cement sidewalk of certain specified dimensions to be constructed along Sangamon avenue in that city by the owners of lots abutting the sidewalk, in thirty days. The ordinance provided that in case of default on the part of a lot owner to construct a sidewalk the same should be constructed by the city under the direction of the superintendent of streets and the cost thereof be collected from the lot owner. One Harnit refused to construct a sidewalk of the specifications required by the ordinance. It then becoming the duty of the superintendent of streets to construct the walk, he began removing the old walk preparatory to the work. The McLaughlin-Patrick Construction Company was engaged in constructing the required walk else-

where along the avenue under contracts with abutting lot owners.    A question arose as to who would pay the construction company in case of its constructing the walk in front of the Harnit property, whereupon Clarence K. Patrick, representing the company, applied to appellant, then acting as mayor of the city, who directed Patrick to go on and do the work.    There is a conflict between the parties as to what was said by appellant upon the question of payment for the work.    Patrick contends that appellant told him that he would be personally responsible for the payment and would pay for the work regardless of the contingency of the city paying for it.    Appellant contends that he merely told Patrick to construct the walk and present the bill to the city council, and if they refused to pay it, to sue the city, and that in the event of a failure to recover, he would pay it.    The walk was constructed in accordance with the directions of appellant, but without sanction or approval of the city council.    When appellee sought payment for the work from appellant, he denied his personal liability.    This suit followed, resulting in a judgment against him.

The case hinges entirely upon what occurred when appellant directed Patrick to construct the walk.    If the version of Patrick, that appellant personally promised to pay for the work, is true, the judgment should stand.    If the contention of appellant that he only promised to pay for it in the event of an unsuccessful suit against the city is true, then the judgment should be reversed.    In the conflict of testimony upon that point, it was the peculiar province of the jury to discover the truth.    We are not disposed to say that they reached an incorrect conclusion.

If the testimony of Patrick is true, the promise of appellant does not come within the statute of frauds.    It was made before any work was done by appellee and was the sole inducement for the work.    The promise was an original and not a collateral one.    Where the question is whether the promise was original or collateral, the test is whether the credit was given to the person sought to be charged,

or to some one else whom the person sought to be charged
guaranteed should pay the debt. Williams v. Corbet, 28 Ill.
262; Hughes v. Atkins, 41 Ill. 213; Geary v. O'Neil, 73
Ill. 593.

Because of the contention made upon the trial that the
undertaking of appellant was to pay the debt of another,
and consequently within the statute of frauds, appellee
introduced proof to show that neither Harnit nor the city
was liable for the construction of the walk. In the view
taken by us of the promise of appellant, such proof was
unnecessary; but its introduction was permissible in view
of the interposition of the statute of frauds as a defense.

It is contended that the work was not completed accord-
ing to contract. An open area leading to the basement of
the abutting building was left. But appellant knew that
it was left, and that it was so left to afford access to the base-
ment. He made no objection.

We think the judgment is authorized by the law and the
facts, and the same will be affirmed.