## Hine Brothers Company v. Maybelle M. Adams.

### Gen. No. 13,747.

1. RECORD—*what part of, without incorporation in bill of exceptions.* An appearance, without incorporation in the bill of exceptions, becomes part of the record proper.

2. DEFAULT—*when entry of, erroneous.* In an action of the fifth class instituted in the Municipal Court a default is erroneous if entered as against a defendant who has filed his appearance in writing before the return day of the summons.

Action in case. Error to the Municipal Court of Chicago; the Hon. ARNOLD HEAP, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1907. Reversed and remanded. Opinion filed March 6, 1908.

R. J. FOLONIE and GEORGE PFIRSHING, for plaintiff in error.

WM. A. JENNINGS, for defendant in error.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

Hine Bros. Co. v. Adams.

In an action of the fifth class brought in the Municipal Court to recover damages to the person and chattels of the plaintiff through the alleged negligence of the defendant, the defendant by its attorneys entered its appearance before the return day of the summons.   On the return day, the record shows that the parties appeared and the cause was continued to February 25, 1907, and assigned to the jury calendar.   On that day the record shows that the parties again appeared and the cause was further continued to March 26, 1907, at 9:30 A. M.   On that day, on motion of plaintiff, the defendant was ruled to appear instanter, and failing to appear the court ordered, "that judgment be entered against said defendant by default."   A jury was then called and sworn to assess plaintiff's damages, and having heard the evidence, returned the following verdict:   "We, the jury, find the defendant guilty and assess the plaintiff's damages at $250," and judgment was at once rendered on the verdict.   Afterwards, the defendant moved to set aside the judgment, but the motion was denied and the defendant prosecutes this writ of error.

All that the defendant was required to do to entitle it to a trial upon the merits was to enter its appearance in writing before the return day, and that was done.   The contention of the defendant in error that the written appearance is not a part of the record cannot be sustained.   The appearance became a part of the record by the mere act of filing.

It is only in case a defendant fails to appear that the plaintiff is entitled to a "judgment as in case of default," under section 43 of the Municipal Court Act.   By the provisions of section 48 of that act, no written pleadings are required in the class of cases to which this case belongs, "excepting such as are required by law in similar cases before justices of the peace."   In similar cases before justices of the peace, the defendant is presumed to have pleaded all pleas necessary to the defense.   Williams v. Corbet, 28 Ill., 262.

The defendant, though not present, was entitled to have the cause submitted to the jury upon the merits.   This

was not done, for the jury was only sworn to assess damages. Their finding of guilty was irregular, for they were not sworn to try the issues but only to assess damages. The court, we think, erred in entering judgment by default and swearing the jury to assess plaintiff's damages, and for that error the judgment will be reversed and the cause remanded.

*Reversed and remanded.*