Alex Cedvilas and Mrs. Alex Cedvilas, Defendants in Error, v. John Sinkus, trading as J. Sinkus & Company, Plaintiff in Error.

## Gen. No. 23,355.

1. MUNICIPAL COURT OF CHICAGO, § 19*—*when judgment rendered against defendant for default in failing to file affidavit of merits.* Where, on motion of defendant, in the Municipal Court of Chicago, a judgment against him on default was vacated and the case reinstated and at the same time and by the same order the amended statement of claim was stricken from the files and plaintiffs ordered to file a new amended statement of claim within 5 days and defendant ordered to file within 5 days thereafter an affidavit of merits thereto, *held* that all previous pleadings were disposed of by the terms of the order vacating the judgment, and final judgment was rightfully rendered against defendant because of his default upon his failure to file an affidavit of merits to the new amended statement of claim within the time, although his original affidavit of merits remained in the record.

2. MUNICIPAL COURT OF CHICAGO, § 13*—*when original affidavit of merits does not state meritorious defense.* The original statement of claim *held* to state a cause of action and original affidavit of merits not to state a meritorious defense thereto.

Error to the Municipal Court of Chicago; the Hon. JOHN R. CAVERLY, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed December 17, 1917.

CANTWELL & SMITH, for plaintiff in error.

. No appearance for defendants in error.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

This writ of error is undefended.

On December 19, 1916, a judgment by default for $200 was entered against defendant and in favor of plaintiffs. Ten days thereafter defendant moved to vacate the judgment. This motion was allowed and

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the judgment vacated and the cause reinstated. At the same time, and as a part of the same order, the amended statement of claim was stricken from the files and plaintiffs were ordered to file an amended statement of claim within 5 days and defendant was ordered to file an affidavit of merits thereto within 5 days thereafter. Plaintiffs filed an amended statement of claim within the time ruled, but defendant failed to file any affidavit of merits or to interpose any other defense. The judgment sought to be reversed by this writ of error was entered February 5, 1917, by default for want of an affidavit of merits or other defense being interposed by defendant to the amended statement of claim. These facts are not in dispute, but defendant insists that no judgment by default could be taken while his former affidavit of defense remained in the record, and relies in this contention upon *Hine Bros. Co. v. Adams,* 139 Ill. App. 92, which case is clearly distinguishable from the instant case.

The original judgment was vacated on defendant's own motion. It was upon terms, one of which was that defendant should file an affidavit of merits within the time fixed by the order granting his motion. The terms upon which the original judgment was set aside disposed of all the previous pleadings. The cause started afresh, as it were, with a new statement of claim, to which defendant was ruled to answer by filing within 5 days after this latter statement of claim was filed an affidavit of merits. Failing to comply with this condition, defendant was in default and judgment was rightfully entered against him. Furthermore, we hold that the statement of claim stated a cause of action and that the affidavit of defense originally filed by defendant did not state a meritorious defense to such action. Therefore the judgment of the Municipal Court is affirmed.

*Affirmed.*