Raveret-Weber Printing Company, Inc., Appellant, v. Milton H. Wright, Appellee.

Gen. No. 40,725.

Opinion filed October 25, 1939.

LLOYD W. LEHMAN, of Chicago, for appellant.

STEARNS & JONES, of Chicago, for appellee; LLOYD M. McBRIDE, of Chicago, of counsel.

MR. PRESIDING JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

Plaintiff Raveret-Weber Printing Co., Inc., filed its complaint in the circuit court by which it sought to charge defendant with payment for goods furnished Journeys, Inc., and Glenn W. Wright, at the request and upon the credit of the defendant Milton H. Wright. On motion of the defendant the complaint was dismissed.

Plaintiff's complaint alleges the following:

"1. That on February 15, 1938, Journeys, Inc., a corporation, and Glenn W. Wright were engaged in the business of a travel agency in Chicago, Illinois; that on or about that day they requested the plaintiff to furnish them certain printed materials for use in their business; the amount of credit requested of the plaintiff was $1,062.85.

"2. As a consideration for the preparation and furnishing of the said printed materials, this plaintiff re-

quired of the said Journeys, Inc., and Glenn W. Wright the additional assurance by some responsible person that the fair, reasonable and agreed cost of the said materials should be paid when they were furnished by the plaintiff.

"3. Defendant herein, at the request of Journeys, Inc., and Glenn W. Wright and the plaintiff herein undertook and agreed and promised to answer to the plaintiff out of his own estate for the debt, default or miscarriage of Journeys, Inc., and Glenn W. Wright, if plaintiff herein would furnish materials then requested by Journeys, Inc., and Glenn W. Wright, as aforesaid.

"4. And the defendant Milton H. Wright, gave a memorandum or note of his said promise and agreement in writing, signed by himself, or some other person by him lawfully authorized, which memorandum is in words and figures as follows:

" 'THE STENOTYPE COMPANY<br>
Michigan Ave., at 41st St.<br>
Chicago

February 15, 1938.

" 'Raveret-Weber Printing Co.,<br>
727 S. Dearborn Street,<br>
Chicago, Illinois.

" 'Dear Mr. Weber:

" 'As per our telephone conversation today, I shall be willing to lend sums of money to my brother of Journeys, Inc., in case his payments to you become delinquent as per your present arrangements.

Very truly yours,<br>
M. H. WRIGHT<br>
P' 

"5. Plaintiff further says that on to-wit: February 23, 1938, relying on the promises of the defendant, plaintiff furnished to Journeys, Inc., by Glenn W. Wright, pamphlets, printed materials, services, goods, ware and merchandise of the agreed value of Thirty Eight Dollars Fifty Cents ($38.50); that on or about

March 17th, 1938, relying on the promises of the defendant, plaintiff furnished to Journeys, Inc., and Glenn W. Wright, pamphlets, printed materials, services, goods, wares and merchandise of the agreed value of One Thousand Eighteen Dollars Sixty Cents ($1,018.60). That on to-wit: March 24th, 1938, relying on the promises of the defendant, plaintiff furnished to Journeys, Inc., and Glenn W. Wright, pamphlets, printed materials, services, goods, wares and merchandise of the agreed value of Five Dollars and Seventy Five Cents ($5.75), a total of One Thousand Sixty Two Dollars Eighty Five Cents ($1,062.85).

"6. Plaintiff further says that no part of the said sum has been paid by Journeys, Inc., Glenn W. Wright or Milton H. Wright; that demand has repeatedly been made; that on the 26th day of April, 1938, judgment was entered in favor of the plaintiff and against the said Journeys, Inc., and Glenn W. Wright in the Circuit Court of Cook County No. 38 C 6487; execution on said judgment has been placed in the hands of the Sheriff for service; no part of the said judgment has been paid.

"7. That before the statement of the account of $1,062.85 between Raveret-Weber Printing Company and Journeys, Inc., and Glenn W. Wright, and on to-wit: February 14, 1938, as further evidence of the agreement of the parties, Journeys, Inc., and Glenn W. Wright made, executed and delivered to the plaintiff their promissory notes in the total sum of Nine Hundred ($900.00) Dollars; that the said judgment for One Thousand Thirty Three Dollars Fifty Five Cents ($1,033.55) is based on those notes. In addition to the said judgment of $1,033.55, there is due the plaintiffs the sum of One Hundred Sixty Two Dollars Eighty Five Cents ($162.85), the agreed balance in the statement of account between the parties, so that the total indebtedness to the plaintiff from the defendant, and from Journeys, Inc., and Glenn W. Wright is One

Thousand One Hundred Ninety Six Dollars Forty Cents ($1,196.40) and costs, the total damage to the plaintiff here in the sum of $1,196.40, together with interest at 5% per annum from April 26, 1938.

"Wherefore, plaintiff prays judgment.

Raveret-Weber Printing Company, Inc.,
By Joseph E. Weber,
*Its Treasurer."*

That complaint was verified on June 8, 1938. Thereafter, on June 15, 1938, a summons issued out of the circuit court against Milton H. Wright, defendant. Summons was duly served and on July 18, 1938, appearance of defendant by his attorneys was filed. On the same date a motion to dismiss was filed, the substance of which was as follows:

"1. That it appears on the face of said complaint that the said defendant is not indebted to the said plaintiff, and, therefore, said complaint fails to state a cause of action.

"2. That it appears on the face of said complaint that the said defendant did not agree or promise to answer to the plaintiff for the debt, default or miscarriage of Journeys, Inc., and Glenn W. Wright, or either of them, on any obligation or agreement of said Journeys, Inc., and Glenn W. Wright, or either of them, to or with said plaintiff, and that, therefore, said complaint does not state a cause of action.

"3. That it appears on the face of said complaint that if the said defendant did agree or promise to answer to the plaintiff for the debt, default or miscarriage of Journeys, Inc. and Glenn W. Wright, or either of them, on any obligation or agreement of said Journeys, Inc., and Glenn W. Wright or either of them, to or with said plaintiff, the said agreement or promise is not enforcible under the terms and provisions of Section 1 of Chapter 59, relative to Frauds and Perjuries, of the laws of the State of Illinois, and that,

therefore, said complaint does not state a cause of action.

"4. That it appears on the face of said complaint that if the said defendant agreed or promised to answer to the plaintiff for the debt, defraud or miscarriage of Journeys, Inc. and Glenn W. Wright, or either of them, on any obligation or agreement of said Journeys, Inc., and Glenn W. Wright, or either of them, to or with said plaintiff, and if said agreement or promise of the said plaintiff is enforcible, the said defendant is not liable for any amount in excess of One hundred sixty-two Dollars and Eighty-five Cents ($162.85), in that of the total sum of One thousand sixty-two Dollars and Eighty-five Cents ($1,062.85) purportedly due the plaintiff from Journeys, Inc. and Glenn W. Wright, the sum of Nine Hundred Dollars ($900.00) has been fully paid and satisfied.''

The court sustained the motion and dismissed the bill at plaintiff's costs.

We have set out at some length the pleadings which were filed.

Chapter 110, par. 166, sec. 42, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 104.042], reads as follows:

"166. § 42. (Insufficient pleadings.) (1) If any pleading is insufficient in substance or form the court may order a fuller or more particular statement; and if the pleadings do not sufficiently define the issues the court may order other pleadings prepared.

"(2) No pleading shall be deemed bad in substance which shall contain such information as shall reasonably inform the opposite party of the nature of the claim or defense which he is called upon to meet.''

We think the pleadings in this case are made in compliance with the provisions of the statute, and that the defendant was reasonably informed as to the charges made against him and the defense he would be required to make. It is evident that defendant relies upon the

provisions of the statute as contained in chapter 59, sec. 1, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 55.01], which reads as follows:

"That no action shall be brought, whereby to charge any executor or administrator upon any special promise to answer any debt or damages out of his own estate, or whereby to charge the defendant upon any special promise to answer for the debt, default or miscarriage of another person . . . unless the promise or agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person thereunto by him lawfully authorized."

In making the motion to dismiss, defendant thereby admitted the truth of the allegation that the memorandum in writing was made by him, and whether the promise which was made was collateral or original was a matter of fact to be determined at the trial.

As was said in *Lusk v. Throop,* 189 Ill. 127, at p. 132: "Undoubtedly, under the Statute of Frauds, the promise to pay the debt of another, after the same is incurred, is void, unless made upon a consideration and reduced to writing. (*Durant v. Rogers,* 71 Ill. 121; *Denton v. Jackson,* 106 id. 433; *Laidlou v. Hatch,* 75 id. 11; *Eddy v. Roberts,* 17 id. 505; *Everett v. Morrison,* Breese, 79). But where goods, money or services are furnished to a third person, at the request and upon the credit of the promisor, the undertaking is clearly original, and in such case the Statute of Frauds does not apply."

In *Resseter v. Waterman,* 151 Ill. 169, at p. 175, it was said:

"It may be said to be the settled rule, that where the agreement is original and independent, it is not within the statute; if collateral, it is."

Again referring to the *Lusk* case, *supra,* the court said: "The Statute of Frauds says, that a promise to pay the debt of another must be in writing. Hence, when the promise is made, there must be an existing debt. If, for example, appellees had already delivered the supplies to Carlson & Olson, and, after such delivery, appellants had promised to pay for the same, then the promise would be to pay an existing debt due from a third person, and, hence, would come within the meaning of the statute. But, where the defendant promises the plaintiff to pay for goods, which the plaintiff may thereafter deliver to a third person, and which, at the time of the promise, have not been delivered, no debt exists from such third person to the plaintiff, and, hence, the promise of the defendant to pay is an original undertaking, and not merely a promise to pay the debt of another."

According to the complaint, plaintiff did not deliver the goods and merchandise until the defendant had agreed to be responsible therefor. A copy of a letter is set out as being the memorandum which plaintiff claimed was given to it by defendant before plaintiff would deliver the goods. Whether the undertaking was original or collateral was a question of fact for the jury to determine under proper instructions by the court. *Ruggles v. Gatton,* 50 Ill. 412; *Geary v. O'Neil,* 73 Ill. 593.

In his motion to dismiss defendant contends that if he is liable, it is for a lesser sum than that claimed by plaintiff. This is also a question of fact and it should have been determined after the issue was made and not on a motion to dismiss. Inasmuch as it is a question as to whether or not the undertaking is original or collateral, and also whether the amount claimed is proper, these questions should have been submitted to the jury for its consideration and determination. We believe the court was in error in sustaining defendant's motion to dismiss.

For the reasons herein given the judgment of the circuit court is reversed and the cause is remanded with directions to overrule the motion to dismiss.

*Judgment reversed and cause remanded with directions.*

HEBEL and BURKE, JJ., concur.