**T.L. SWINT INDUSTRIES, INC., an Illinois Corporation, and Thomas L. Swint, individually, Plaintiffs,**

v.

**PREMIERE SALES GROUP, INC., a Michigan corporation, and Thomas A. Wright, individually, Defendants.**

No. 96 C 6468.

United States District Court, N.D. Illinois, Eastern Division.

Nov. 12, 1997.

Ira Bodenstein, Stephen Todd Bobo, Daniel G. Nienhuis, Carrie Jane Fletcher, D'Ancona & Pflaum, Chicago, IL, for Plaintiff.

Martin D. Tasch, Law Offices of Martin D. Tasch, Chicago, IL, for Defendants.

*MEMORANDUM OPINION AND ORDER*

BUCKLO, District Judge.

The plaintiffs, T.L. Swint Industries, Inc. and Thomas L. Swint ("Swint Industries"), brought suit against the defendants, Premiere Sales Group, Inc. and Thomas A. Wright ("Premiere Sales"), alleging breach of a sales consulting contract and breach of a guaranty contract.[1] Premiere Sales moves for summary judgment on the claim for breach of the guaranty contract. For the following reasons, the motion is denied.

### Background

In September, 1995, Swint Industries and Premiere Sales entered into a four year sales consulting agreement in which Swint Industries agreed to act as a consultant to Premiere Sales in exchange for a monthly fee. At the same time, Swint Industries alleges that Mr. Wright personally entered into a guaranty contract in which Mr. Wright agreed to guaranty Premiere Sales' obligations under the sales consulting agreement. It appears the 1995 sales consulting agreement and guaranty arose due to difficulties the parties encountered with a set of 1992 agreements and a 1992 guaranty executed by Mr. Wright. In 1992, Premiere Sales purchased part of Swint Industries' operating business and entered into a set of agreements which were guaranteed by Mr. Wright. According to Mr. Swint, Premiere defaulted on these agreements in 1995. In lieu of bringing suit and enforcing the guaranty, Swint Industries agreed to the 1995 sales consulting agreement and guaranty contract. Swint Industries claims that in January, 1996, Premiere Sales ceased making payments in accordance with the 1995 sales consulting agreement and that Mr. Wright has failed to make the payments required by the guaranty agreement.

### Motion to Strike Affidavit

Premiere Sales argues that Mr. Swint's affidavit presented in opposition to the motion for summary judgment is conclusory and contains inadmissible hearsay and should be stricken. Federal Rule of Evi-

---

1. After the filing of this summary judgment motion the plaintiffs amended their complaint and added claims of fraudulent misrepresentation and failure of consideration.

dence 701 provides a particularly liberal standard of admissibility and does permit lay opinion testimony. Many of the statements in Mr. Swint's affidavit grow from Mr. Swint's involvement in negotiating the agreements at issue in this case. Premiere Sales has presented no evidence that would indicate Mr. Swint does not have personal knowledge of the facts necessary to make most statements in his affidavit. Indeed, in paragraph eighteen, Mr. Swint states he engaged in negotiations concerning forbearance and termination of the 1992 agreements and the execution of the 1995 sales consulting agreement and guaranty contract.

Keeping the above in mind, there are several statements in Mr. Swint's affidavit that are troublesome. In his affidavit, Mr. Swint discusses the failure of the 1992 agreements and the creation of the 1995 contracts. In paragraph twelve, Mr. Swint states that Mr. Wright was fully responsible and obligated to pay monies owed under the 1992 agreements. This is a legal conclusion which Mr. Swint has no apparent basis for making. Accordingly, it will be stricken. While paragraphs twenty and twenty-one are conclusory, they contain information that is likely admissible as a party admission and thus, will not be stricken. To the extent Mr. Swint states the 1995 contracts were entered into as "consideration" for forbearance of suit and cancellation of the 1992 agreements, I will not consider these statements legal conclusions, but simply a recitation of Mr. Swint's understanding of why the 1995 contracts were executed.

### Statute of Frauds

■ Premiere Sales moves for summary judgment on the claim for breach of the guaranty contract. The guaranty contract was never signed by Mr. Wright. The Statute of Frauds has been codified in Illinois:

No action shall be brought ... whereby to charge the defendant upon any special promise to answer for the debt, default or miscarriage of another person ... unless the promise or agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged

therewith, or some other person thereunto by him lawfully authorized.

740 ILCS 80/1. Mr. Wright argues that, since he never signed the guaranty contract, it may not be enforced against him. In Illinois, the "special promises" section of the Statute of Frauds applies only to collateral promises. An original or independent promise is not covered by the Statute. *Ricci v. Reed,* 169 Ill.App.3d 1062, 523 N.E.2d 1218, 1221, 120 Ill.Dec. 307, 310 (1st Dist.1988). Generally, if a pre-existing debt is owed, a promise to guarantee the debt is considered a collateral promise and falls under the Statute. In the instant case, Mr. Swint's affidavit indicates Premiere Sales owed Swint Industries a pre-existing debt that the guaranty contract was meant to cover.

■ There is, however, a well settled exception to the Statute which holds that "[i]f an oral promise to pay the pre-existing debt of another be supported by a new and valuable consideration such oral promise is not merely a promise to pay the debt of another it is regarded as an original undertaking." *Oscar H. Wilke, Inc. v. Vinci,* 96 Ill.App.2d 189, 237 N.E.2d 768, 771 (1st Dist.1968) (citation omitted). Accordingly, the promise to pay the debt of another is not subject to the Statute when "the object of the promise is to promote some interest, purpose or advantage of the promisor." *Swartzberg v. Dresner,* 107 Ill.App.3d 318, 437 N.E.2d 860, 865, 63 Ill.Dec. 211, 216 (1st Dist.1982). In the instant case, it appears that Mr. Wright and Premiere Sales owed some sum of money to Mr. Swint and Swint Industries based on a partial sale of Swint Industries and the 1992 agreements. Mr. Swint alleges he was prepared to bring suit under the 1992 agreements. He claims he did not bring suit based on Mr. Wright's request that he forego a suit and instead enter into the 1995 sales consulting agreement and guaranty contract. In Illinois, forbearance of a legal action is recognized as valid consideration for a contract. *Kapoor v. Robins,* 214 Ill.App.3d 248, 573 N.E.2d 292, 297, 157 Ill.Dec. 874, 879 (2d Dist.1991). Thus, it appears Mr. Swint's forbearance of a civil action based on the 1992 agreements is "new and valuable consider-

ation" that takes the 1995 guaranty contract out of the Statute of Frauds.

■ Mr. Wright argues that, based on the integration clause of the guaranty contract, the entire consideration between the parties appears within the four corners of the contract. It is true there is no mention of the 1992 agreements or Mr. Swint's forbearance from a legal action in the guaranty contract. Mr. Wright's argument, however, ignores the fact that "Illinois courts have generally distinguished between collateral and original promises, not from the particular words used, but from all of the circumstances of the transaction." *Ricci*, 523 N.E.2d at 1221, 120 Ill.Dec. at 310. Thus, it is appropriate to look beyond the four corners of the contract to determine the consideration. Further, Mr. Wright's argument is particularly disingenuous in that it asks this court to give validity to one particular clause of the contract in order to invalidate the entire contract under the Statute. Mr. Swint's forbearance is properly considered and presents a genuine issue of fact as to whether the guaranty contract is barred by the Statute.

■ Additionally, Mr. Wright's motion would fail even if I chose not to consider the 1992 agreements and Mr. Swint's forbearance. If I were to look only to the 1995 guaranty contract as Mr. Wright proposes, then there is no evidence of a pre-existing debt. The only evidence presented in this case would be the sales consulting agreement and the guaranty contract, neither of which mention a pre-existing debt. Without evidence of a pre-existing debt and since Mr. Wright entered into the guaranty contract at the same time Premiere Sales entered into the 1995 sales consulting contract and before any debt arose under sales consulting contract, the guaranty contract is an original or independent promise. As the Seventh Circuit has noted in applying the Illinois Statute of Frauds, for the Statute to be applicable "there must be an existing debt at the time of the alleged guarantor's assurances." *Publishers Adver. Assocs., Inc. v. Wessel Co. Inc.*, 747 F.2d 1076, 1080 (7th Cir.1984); *see also Swartzberg*, 437 N.E.2d at 865, 63 Ill. Dec. at 216 ("The provisions of the [Statute of Frauds] apply to promises, the main pur-

poses of which are to assume or guarantee the debt of another.... "); *Raveret–Weber Printing Co., Inc. v. Wright*, 301 Ill.App. 421, 23 N.E.2d 203, 206 (1st Dist.1939) ("[Under the Statute of Frauds], when the promise is made, there must be an existing debt."). Thus, even under Mr. Wright's proposed analysis, the guaranty contract would be an original or independent promise and not subject to the Statute of Frauds.

■ Finally, based on Mr. Swint's affidavit, there is a genuine issue of fact as to whether Mr. Wright and Premiere Sales owed significant sums of money to Mr. Swint and Swint Industries at the time the 1995 guaranty contract was executed. If, in fact, Mr. Swint entered into the 1995 agreements in an effort to help Mr. Wright to pay off his debt and in lieu of collecting the money owed, it would be inequitable to find Mr. Wright may now avoid the debt altogether. "It is well established in [Illinois] that the courts will not permit the Statute of Frauds, the only purpose of which is to prevent fraud, to be used where the effect will be to accomplish a fraud and if the facts are such that it would be virtual fraud to permit the defendant to interpose the statute, a court will not listen to the defense." *Grundy County Nat'l Bank v. Westfall*, 13 Ill.App.3d 839, 301 N.E.2d 28, 32 (3d Dist.1973); *see also Fried v. Barad*, 175 Ill.App.3d 382, 530 N.E.2d 93, 97, 125 Ill.Dec. 175, 179 (1st Dist.1988) ("[The Statute of Frauds] was not intended to effectuate or perpetuate an inequity or a fraud."). Thus, due to policy reasons, the Statute of Frauds may be inapplicable in this case.

### Conclusion

Given the circumstances of this action, there is a genuine issue of material fact regarding whether the guaranty contract falls within the Statute of Frauds. Accordingly, Premiere Sales motion for summary judgment on Swint Industries's breach of the guaranty contract claim is denied.