## GOLDWYN DISTRIBUTING CORPORATION v. CARROLL.

(Court of Appeals of District of Columbia. Submitted October 12, 1921. De-
cided November 7, 1921.)

### No. 3491.

**Landlord and tenant ⪪157(6)—Tenant not "owner entitled to beneficial use"
required to erect fire escape, and cannot recover therefor.**

Under Act Cong. March 19, 1906, as amended by Act Cong. March 2,
1907, requiring the owner, entitled to the beneficial use, rental, or con-
trol of specified buildings, to erect fire escapes, which before amendment
made the lessee, occupant, or person having possession also liable to its
provisions, a tenant is not required to erect a fire escape, and he cannot,
in the absence of any action prejudicial to his rights, voluntarily erect
fire escapes and recover therefor from the landlord.

[Ed. Note.—For other definitions, see Words and Phrases, First and
Second Series, Owner.]

Appeal from the Supreme Court of the District of Columbia.

Action by the Goldwyn Distributing Corporation against Harry
R. Carroll. From a judgment sustaining a demurrer to the declara-
tion, plaintiff appeals. Affirmed.

J. H. Ralston, S. D. Willis, and W. T. Rankin, all of Washington,
D. C., for appellant.

James S. Easby-Smith and Ralph B. Fleharty, both of Washington,
D. C., for appellee.

ROBB, Associate Justice. This is an appeal from a judgment in
the Supreme Court of the District sustaining the demurrer of the de-
fendant, appellee here, to the declaration of plaintiff, appellant here,
seeking a recovery for money paid by the plaintiff in its construction
of a fire escape upon premises owned by the defendant and leased in
part by the plaintiff.

The Act of March 19, 1906 (34 Stat. 70), as amended by the Act of
March 2, 1907 (34 Stat. 1247), makes it "the duty of the owner, en-
titled to the beneficial use, rental, or control of any building three or
more stories in height, or over thirty feet in height, constructed or used
or intended to be used as a tenement house, apartment house, flat,
hotel, hospital, seminary, academy, school, college, institute, dormitory,
asylum, sanitarium, hall, or place of amusement, or office building or
store not exempted as in this act hereinafter provided, to provide and
cause to be erected and fixed to every such building," etc., such suitable
fire escapes as the Commissioners of the District may determine. Un-
der section 2 it is made the duty of the owner entitled to the beneficial
use, rental, or control of any building "in which ten or more persons
are employed at the same time in any of the stories above the second
story, except three-story buildings used exclusively as stores or for
office purposes, and having at least two stairways from the ground floor
each three or more feet wide and separated from each other by a dis-
tance of at least thirty feet, from one of which stairways shall be easy

⪪For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

access to the roof," to erect fire escapes. Any person failing or neglecting to comply with the provisions of the act, "after notice from the Commissioners of the District of Columbia so to do," is subject to a prescribed penalty. It is further provided that in case of the failure or refusal "of the owner, entitled to the beneficial use, rental, or control of any building specified in this act, to comply with the requirements of the notice provided for," the Commissioners may erect the fire escapes and other appliances mentioned in the notice and assess the cost as a tax against the buildings. Finally, it is provided that, upon petition of the District, an injunction may issue "to restrain the use or occupation of any building" in violation of the provisions of the act. Under the original act the "lessee, occupant, or person having possession" also was liable to its provisions, but the words "owner, entitled to the beneficial use, rental, or control" were substituted in the amendatory act, Congress thus plainly evincing an intent to exclude from the provisions of the act the lessee or occupant.

It is too plain to admit of argument that under the provisions of the statute as amended it was not the duty of the plaintiff as tenant to erect this fire escape, and upon the record before us we may not say that this building is within the class mentioned in the statute. This circumstance precludes further inquiry on our part because, unless it appears that a legal duty rested upon the defendant, under no possible theory may the defendant be held responsible for an unnecessary and voluntary payment by his tenant. The owner had a right to his day in court on the question whether his building came within the class specified in the act. It was he and not the tenant who was subject to the penalty of the act, and the tenant could suffer no legal prejudice by the owner's failure immediately to comply with its provisions. Had the Commissioners sought an injunction to restrain the use and occupation of the building, it would have been the duty of the owner to defend the suit and protect his tenant, but we need not determine here what the rights of the tenant would have been had the owner failed in this regard. Moreover, in view of the provision authorizing the Commissioners in a proper case to erect fire escapes and make the cost a tax against the building, resort to an injunction would be unlikely. At all events, when appellant, in advance of a determination of the question of the legal necessity of a fire escape, erected the escape and foreclosed that question, his act was that of a mere volunteer and the trial court was correct in sustaining the demurrer. The judgment therefore is affirmed, with costs.

Affirmed.