ANNIE F. BORDEN *vs.* WILLIAM HIRSH, trustee.

Suffolk.    January 18, 21, 1924. — May 22, 1924.

Present: RUGG, C.J., DeCOURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Landlord and Tenant,* Construction of lease: repairs, obligation to install automatic sprinkler apparatus. *Nuisance. Municipal Corporations,* Building commissioner.

Automatic sprinklers, ordered by the building commissioner of the city of Boston under authority of St. 1907, c. 550, § 45; St. 1914, c. 782, § 10; Spec. St. 1915, c. 352, § 4, to be installed in an apartment house, manifestly are alterations and additions to the structure and are not necessary repairs contemplated by a covenant by the owner in a lease of a single apartment to make " necessary exterior repairs," or by a covenant by the lessee " to make all interior repairs except those " to be made by the lessor.

While it is the law in this Commonwealth that a lessee of an apartment in an apartment house takes the hired premises, in the absence of warranty, fraud or misrepresentation, in the condition and quality in which they are at the time of the letting and without any obligation on the part of the lessor to keep them in a condition for use, and that the lessee before the letting should ascertain whether the premises are adapted for the purposes for which he desires them and whether they lawfully can be used for such purposes in the condition in which they then are, and these contractual relations of landlord and tenant are not changed by the provisions of St. 1907, c. 550, § 45; St. 1914, c. 782, §10; Spec. St. 1915, c. 352, § 4; St. 1920, c. 440; and St. 1921, c. 476, failure by a lessor of such an apartment in Boston, at the time of a letting for a term of five years, to communicate to the lessee the fact that five years previously he had been ordered by the building commissioner, acting under the authority of the foregoing statutes, to install automatic sprinklers in the house, was in legal effect a false affirmation that the premises were in a condition conforming to requirements lawfully imposed by governmental authorities and constituted a leasing in the circumstances equivalent to a negligent or an intentional maintenance

of a nuisance, and the lessor was bound to exonerate the lessee from any statutory obligation which at the time of the letting the lessor was required to make by the order of the building commissioner.

It appeared that, following the letting in the circumstances above described, two other notices were given by the building commissioner to the lessor and also to the lessee, which, besides ordering the installation of the automatic sprinklers, directed the closing of an elevator vent, dumb waiter shafts and stairways to comply with the statute. In a suit in equity by the lessee against the lessor to compel compliance by the lessor with the requirements in regard to the automatic sprinklers, it was *held*, that the subsequent orders were additional to the previous order by the commissioner rather than independent and new orders.

In the suit above described, the defendant contended that the order by the building commissioner was so indefinite, uncertain and incapable of performance and enforcement as to be void under the decision in *Commonwealth* v. *Badger,* 243 Mass. 137, in that it required the defendant and the plaintiff, one or both of them, to install a system of automatic sprinklers and other fire protection devices and equipment " satisfactory to said building commissioner," without specifying what would be satisfactory to him; and this court *held*, that, by reason of the probability that there might be outstanding many similar orders, the question of the validity of the order in this case should not be determined "until the city of Boston is afforded an opportunity to defend them," and a decree granting relief to the plaintiff therefore was reversed and the suit was remanded to the Superior Court for further action.

BILL IN EQUITY, filed in the Superior Court on December 2, 1920, and afterwards amended, seeking to compel the defendant, lessor of a building leased to the plaintiff, to install therein a system of automatic sprinklers approved as to situation, arrangement and efficiency by the building commissioner of the city of Boston.

In the Superior Court, the suit was heard by *Sanderson,* J., a commissioner having been appointed under Equity Rule 35 to take the evidence. Material evidence and facts found by the judge are described in the opinion. The plaintiff asked for the following rulings among others:

" 13. Under the terms of the written lease from the defendant herein to the plaintiff herein, dated February 25, 1920, the defendant is obligated to install said sprinkler system.

" 14. The installation of said automatic sprinkler system is not a repair which devolves upon the plaintiff herein under the terms of the lease.

" 15. Said automatic sprinkler system is an improvement which the defendant herein is obligated to make."

The defendant asked for the following rulings among others:

" 1. Upon the pleadings and the evidence the plaintiff is not entitled to maintain a bill of complaint.

" 2. Upon the pleadings and the evidence it does not appear that the defendant has done anything he ought not to have done or failed to do anything which he ought to have done with respect to the premises described in the plaintiff's bill."

" 6. The duty of installing a sprinkler system as required by law is upon the plaintiff."

" 12. No covenant appears in the lease requiring the defendant to provide an automatic sprinkler system.

" 13. If an automatic sprinkling system is called for to make the demised premises habitable, the defendant is under no obligation to install such system."

The rulings were denied. By order of the judge, a final decree was entered ordering the defendant " to comply with the order of the building commissioner of the city of Boston in respect to the installation of a system of automatic sprinklers and other fire protection devices in the buildings numbered 30 to 38 Hemenway Street in said Boston, and to furnish and cause to be installed forthwith in said buildings automatic sprinklers and other fire protection devices and equipment satisfactory to said building commissioner." The defendant appealed.

*C. W. Rowley*, for the defendant.

*E. A. McLaughlin, Jr.*, for the plaintiff.

PIERCE, J. This is a suit in equity by the lessee of two apartments, in Boston, in an indenture of lease beginning May 2, 1920, for a term of five years, with the right of renewal for ten additional years, to compel the owner (her lessor) to install in them within such time as the court may fix a system of automatic sprinklers and fire protection devices approved as to situation, arrangement and efficiency by the building commissioner of the city of Boston, in compliance with an order of said building commissioner made under St. 1907, c. 550, § 45, as amended by St. 1914, c. 782,

§ 10, Spec. St. 1915, c. 352, § 4, St. 1920, c. 440, and St. 1921, c. 476.

The lease contains the following covenant as to repairs: " . . . the lessee further agrees to make all interior repairs except those hereinafter set forth as to be made by the lessor and to keep the premises in the same condition as they now are (reasonable wear and tear thereof excepted) acknowledging that the same are accepted in good condition. The lessor shall keep the property in the condition that it now is and shall make all necessary exterior repairs and all necessary repairs in the hallways, staircases, elevators, and elevator wells and to supply cables for elevators, and to the boilers and to all pipes, wires and fixtures outside any of said apartments and shall keep the same safe for the use of the lessee." It further provides that " the lessee will not mar, deface or alter the plastering, wood work or any part of these premises and will indemnify the lessor for any such misuse."

In January, 1915, and in August, 1915, the building commissioner decided under the authority of Sts. 1907, 1914, 1915, *supra*, that automatic sprinklers should be installed in said buildings, and ordered the defendant, who was then, as now, the owner of the property, to install them. When the plaintiff executed the lease she did not know of the decision of the building commissioner or of said order to the defendant. In November, 1920, the building commissioner caused notice to be sent to the defendant directing him to equip said buildings with automatic sprinklers; at the same time a similar notice was sent to the plaintiff as " lessee." St. 1907, c. 550, § 127, which is still in force, reads: " Every structure and part thereof and appurtenant thereto shall be maintained in such repair as not to be dangerous. The owner shall be responsible for the maintenance of all buildings and structures. The lessee under a recorded lease shall be deemed the owner under the provisions of this act." On November 27, 1920, the plaintiff in writing requested the defendant to comply with the order of the building commissioner. To this letter the defendant replied, in substance, that he declined to act in the matter, stating that he had undertaken and agreed to make necessary exterior

repairs and that the installation of a sprinkler system is not a repair.

On September 20, 1921, an inspector of the building department reported to the building commissioner that he had inspected the buildings and "found that the basement or cellar is not provided with automatic sprinklers, same being in violation of the Acts of 1907, chapter 550, section 45, as amended by Acts of 1914, chapter 782, section 10, by section 4, chapter 352, Special Acts of 1915, and by Acts of 1920, chapter 440, and by Acts of 1921, chapter 476," above referred to; and "that the elevator, vent and dumb waiter shafts and stairways are not enclosed in basement or cellar, same being in violation" of statutes above enumerated. On September 22, 1921, the building commissioner sent notices to the plaintiff and defendant in which, after quoting the applicable statutes, "he ordered each of them to cause the buildings at 30 and 38 Hemenway Street to conform to the aforesaid law forthwith in a manner satisfactory to the building commissioner of the city of Boston." Said order also contained the following statement: "Failure to comply with this law may be punished criminally by a fine not exceeding five hundred dollars or civilly by an injunction restraining the maintenance, use or occupation of said building." The court found and ruled "that the duty of installing the sprinklers, and enclosing the elevator vent and dumb waiter shafts and stairways in said buildings devolves upon the defendant as owner and lessor"; that "to prevent a threatened eviction, in case the order of the building commissioner is not complied with, and to prevent the disturbance in their occupation by the tenants in the several apartments holding under leases from the plaintiff, and to comply with the terms of his lease, and to perform his duty as owner, the defendant should install the sprinklers and make the other changes ordered by the building commissioner"; that "the plaintiff is likely to suffer irreparable damage if the orders of the building commissioner are not complied with by the defendant"; and ordered a decree to be entered requiring the defendant "to comply with the order of the building commissioner in respect to a sprinkler

equipment and other fire protection devices." From the final decree which followed the order for such a decree the defendant appealed to this court.

The improvements required by the building commissioner in the interest of public safety are manifestly alterations and additions to the structure; and are not the necessary repairs contemplated by the covenant of the lessor to make " necessary exterior repairs " or by that of the lessee to " make all interior repairs except those " to be made by the lessor. *Kirby* v. *Wylie,* 108 Md. 501. It is fundamental law in this Commonwealth that the lessee takes the hired premises, in the absence of warranty, fraud, or misrepresentation, in the condition and quality in which they are, and without any obligation on the lessor to keep them in a condition for use. The rule of *caveat emptor* applies and it is for the lessee to ascertain whether the premises are adapted to the purposes for which they are desired and whether they lawfully can be used for such purposes in the condition in which they are. *Cowen* v. *Sunderland,* 145 Mass. 363, 364. *Jones* v. *Granite Mills,* 126 Mass. 84. *Huda* v. *American Glucose Co.* 154 N. Y. 474, 481. See also *Robbins* v. *McCabe,* 239 Mass. 275, and *Gaston* v. *Gordon,* 208 Mass. 265, where premises were let for the sale of intoxicating liquor, and rent was held recoverable after such business became unlawful; also cases where the lessees remain bound after the destruction of the premises by fire, *Davis* v. *Alden,* 2 Gray, 309, *Roberts* v. *Lynn Ice Co.* 187 Mass. 402, 407; and the case of *Taylor* v. *Finnigan,* 189 Mass. 568, wherein it was held that the lessor of real estate, used by the lessee as a theatre, who has not covenanted to make repairs, does not commit any breach of the covenant for quiet enjoyment, by failing to furnish additional means of egress ordered by the inspector of public buildings under R. L. c. 104, §§ 36, 55, and for want of which the lessee's license to carry on theatrical performances is suspended.

The operative statutes above referred to and quoted in part do not change the contractual relations of landlord and tenant. *Palmigiani* v. *D'Argenio,* 234 Mass. 434, 436. *Vallen* v. *Cullen,* 238 Mass. 145.

In the case at bar, upon the reported facts the landlord was bound to exonerate the tenant from any statutory obligation to make the improvements in the premises which the owner was required to make by the order of the building commissioner. The order of the building commissioner to install automatic sprinklers was made upon the owner and landlord in 1915 and was unperformed by the lessor and his then tenant when the lease in question was executed in 1920 by the plaintiff and defendant, the plaintiff then not knowing of the fact of the order and being in ignorance of the further fact that the use of the leased premises might be enjoined unless she or the lessor obeyed the order of the commissioner. When or before the lease was executed it is manifest the defendant should have disclosed to the lessee the fact that there was an outstanding, unperformed order of the commissioner to make improvements and that the lessee would hold the premises burdened with that obligation. The silence of the defendant was in legal effect a false affirmation that the premises and the owner of them owed no obligation to improve them to conform to the order of the building commissioner. In this regard the case stands in its relation to the law as does the neglect of the landlord to make known to his tenant hidden defects in the demised premises of which the landlord has knowledge and the lessee is ignorant. The leasing of the premises under the circumstances here disclosed was the equivalent of negligence or intentional maintenance of a nuisance for which the landlord would be liable to any person injured thereby. *French* v. *Vining,* 102 Mass. 132. *Jackman* v. *Arlington Mills,* 137 Mass. 277. *Oxford* v. *Leathe,* 165 Mass. 254. *Lufkin* v. *Zane,* 157 Mass. 117. *Dalay* v. *Savage,* 145 Mass. 38. *Cutter* v. *Hamlen,* 147 Mass. 471. *Minor* v. *Sharon,* 112 Mass. 477, 488. *Cerchione* v. *Hunnewell,* 215 Mass. 588. *Stumpf* v. *Leland,* 242 Mass. 168.

The order of November, 1920, and the order of September 22, 1921, appear to be additional to the order of 1915 rather than independent and new ones. While the notices to the landlord in 1915 said nothing about inclosing the elevator vent, dumb waiter shafts and stairways, it is evident from the provision in the lease, "that the lessee will not mar,

deface, or alter the plastering, wood work or any part of these premises and will indemnify the lessor for any such misuse or defacement for any part of said buildings (reasonable wear and use thereof excepted)," that the lessee cannot do this work without violating the covenant and equally evident from the terms of the covenant that such work if done was to be done by the lessor.

Relying upon *Commonwealth* v. *Badger*, 243 Mass. 137, the defendant contends that the order of the building commissioner was void, in that it required the defendant and the plaintiff, one or both of them, to install a system of automatic sprinklers and other fire protection devices and equipment "satisfactory to said building commissioner, without specifying what would be satisfactory to him," and that such order "was indefinite, uncertain and incapable of performance or enforcement." In consideration of the probability that there may be outstanding many similar orders, we think the question of the validity of the order in this case should not be determined until the city of Boston is afforded an opportunity to defend them. In these circumstances the decree must be reversed and the case remanded to the Superior Court for further action in accordance with this opinion.

*So ordered.*