## MOORE'S VICTORIA THEATRE CO., Inc., et al. v. DISTRICT OF COLUMBIA.

(Court of Appeals of District of Columbia. Submitted December 7, 1923. Decided June 2, 1924.)

### No. 3975.

Health ⬅═32—Occupant entitled to opportunity to install fire escapes required.

.It is a prerequisite to any proceedings under Act March 19, 1906, as amended by Act March 2, 1907, requiring an erection of fire escapes, that commissioners, under Act March 19, 1906, § 10, first determine character and number of fire escapes required, and that defendant be given an opportunity to install them.

Appeal from the Supreme Court of the District of Columbia.

Suit by the District of Columbia against the Moore's Victoria Theatre Company, Inc., and the United Cafeteria Company, Inc. From a decree granting an injunction, the last-named defendant appeals. Judgment reversed as to that defendant, and case remanded, with mandate to dismiss bill as to it.

H. S. Barger, of Washington, D. C., for appellant.

F. H. Stephens and James C. Wilkes, both of Washington, D. C., for the District of Columbia.

Before ROBB and VAN ORSDEL, Associate Justices, and BARBER, Judge of the United States Court of Customs Appeals.

BARBER, Acting Associate Justice. This is an appeal from a decree of the Supreme Court of the District of Columbia in equity, granting an injunction against the United Cafeteria Company, Inc., restraining and enjoining it from the use or occupation of premises at 1010 F Street, Northwest, in the city of Washington. Several other defendants were likewise enjoined by the same decree, but the Cafeteria Company only is appellant here.

The bill was founded on the provisions of an Act of Congress approved March 19, 1906, as amended by an act approved March 2, 1907. 34 Stat. 70, 1247.

Sections 1 and 3 of the original act declared that it should be the duty of the "owner, lessee, occupant or person having possession, charge or control" of certain buildings to provide for such buildings suitable fire escapes and other fire protective appliances, unnecessary to mention in detail, in such location and numbers and of such material, type, construction, and character "as the commissioners of the District of Columbia may determine."

Section 9 provided that any person failing or neglecting to provide such fire escapes and other fire protective appliances, "after notice from the commissioners of the District of Columbia so to do," should, upon conviction thereof, be punished by fine as in the section provided.

Section 10 declared that the notices requiring the fire escapes and other appliances should "specify the character and number of fire escapes or other appliances to be provided, the location of the same," and the time within which they should be provided, which in no case should be more than 90 days, unless, in their discretion, the commissioners deemed it necessary to extend the time.

Section 11 provided how the aforesaid notice should be served. It also declared, in case of failure or refusal of the "owner, lessee, occupant, or person having possession, charge, or control" of the buildings, subject to the provisions of the act, to comply with the requirements of the notice specified in section 10, that the commissioners were empowered and it was made their duty to cause to be erected the "fire escapes and other appliances mentioned in the notice provided for," and also empowered them to assess the cost thereof as a tax against such buildings and the ground on which they stood.

Section 12 provided that "the Supreme Court of the District of Columbia, in term time or in vacation, may, upon a petition of the District of Columbia, filed by its said commissioners, issue an injunction to restrain the use or occupation of any building in the District of Columbia in violation of any of the provisions of this act."

The amendments to the foregoing statute made by the Act of March 2, 1907, that are material to the issues here, were to substitute the words, "the owner, entitled to the beneficial use, rental, or control," for the words, "owner, lessee, occupant or person having possession, charge or control," in sections 1, 3, and 11 of the original act. The last section of the later act also provided that "all acts or parts of acts, inconsistent herewith, be and the same are hereby repealed." There was no specific reference in the latter act to section 12 of the earlier one.

It is not denied that the buildings at 1010 F Street, Northwest, are within the class of buildings mentioned in sections 1 and 3 of the original act. The owners of the premises in question are nonresidents of the District. Moore's Victoria Theatre Company, Inc., is a lessee thereof for a term of 20 years, with a privilege of renewal for a like term. The appellant here is a lessee of the Theatre Company for the term of 10 years, with a privilege of renewal for a like term, and an actual occupant of a part of the building in question. The other defendants occupy parts thereof under the appellant.

Among other things the bill alleges that the building in question was subject to the provisions of said statutes; that it was not equipped with the fire escapes and other appliances therein mentioned; that the defendants were notified on dates that were more than 90 days before the bill was filed, "by the building inspector of the District of Columbia," to erect certain fire escapes and other protective fire appliances (describing the same in detail and indicating their location) in said building, and that the defendants had neglected and refused so to do, because of which an injunction was prayed for under section 12 of said original act. It contains no allegation that the commissioners of the District had taken any action whatever with regard to fire escapes and other fire protective appliances mentioned in sections 1 and 3 of the act of 1906, or that they had made any determination with reference thereto as provided in said sections, or had given or caused to be given any notice to the appellant or other defendants regarding the same.

It is apparent that two questions are presented here: (a) Can the Cafeteria Company, lessee of the whole and occupant of part, but not "the owner, entitled to the beneficial use, rental, or control" of the

building, be proceeded against and enjoined under section 12 of the original act? (b) If so, does the record show that a case has been made out against it justifying the decree?

There is much that might be said in favor of a negative answer to the first question. The earlier statute allowed the proceedings to be instituted against the lessee or occupant, as well as the owner, while by the later act such proceedings, aside from those authorized under section 12, are expressly limited to the owner entitled to the beneficial use or control. Goldwyn Distributing Corporation v. Carroll, 51 App. D. C. 75, 276 Fed. 63. It is forcibly argued here that the effect of the amending act was to likewise limit the provision of section 12 to such owner.

Without passing upon this first question, we think a proper answer to the second determines the case here against the District of Columbia. Any fair interpretation of the two statutes, taken as a whole, leads to the conclusion that Congress intended that as an indispensable prerequisite to any proceedings under the statute, whether criminal, in equity or otherwise, the commissioners of the District of Columbia must first determine "the character and number of fire escapes or other appliances to be provided, the location of the same, and the time within which said fire escapes or other appliances shall be provided." Section 10.

This is but to say that any person who may be proceeded against under the act is entitled to know the determination of the commissioners and to have notice as to what is required of him by them before he can be penalized in criminal proceedings, enjoined in equity, or assessed a tax for work done upon his property. It is obvious that, when so notified, he may desire, and the statute contemplates that he shall have the opportunity, to provide and install the required fire protection himself. But the bill contains no allegations as to proceedings by the commissioners which are heretofore mentioned as prerequisite to any proceedings in the court of equity.

When we turn to the record of the evidence, the only thing that relates to this phase of the case is the testimony of the building inspector of the District of Columbia, and his testimony goes no further than to state "that the commissioners passed an order which the witness served" upon the defendants in the manner he described. There is nothing in the evidence tending to show that the commissioners had made the determination required by the statute, or that they or the witness had notified the defendants of such determination, or what in fact it was, assuming one might have been made.

Appellant seasonably filed its motion to dismiss the bill on the ground that it did not show it to be a party against whom the relief prayed for could be had, which was overruled. Its answer does not admit anything that cures the shortage in the bill or evidence, and it insists here that no justification was shown for the decree below. We think on this record that the Supreme Court of the District was without authority to enter the decree appealed from.

The judgment below is therefore reversed, with costs, as to the United Cafeteria Company, Inc., and the case remanded, with mandate to dismiss the bill as to it.