MURIEL L. FOLEY, ADMR.
*vs.*
WILLIAM R. FOOTE

Superior Court      New Haven County      File No. 56069

MEMORANDUM FILED MAY 23, 1939.

*Cornelius J. Driscoll,* of Branford, for the Plaintiff.

*John B. Grant,* of New Haven, for the Defendant.

O'SULLIVAN, J.  In the early morning hours of October 23, 1938, fire broke out in the defendant's three-story frame building which, on that date, was being used as a boarding or lodging house accommodating more than 12 persons. The plaintiff's decedent, who was one of these, was trapped by the fire, was overcome, and eventually died as a result of his experience. His death was due to the defendant's failure to provide the building with fire escapes or other means of exit as required by the mandate of sections 2613 and 2616 of the General Statutes, Revision of 1930.

To the complaint setting forth with greater embellishment the facts above recited, the defendant has answered, making certain admissions and denials through his first defense, and then, in his second, alleging that in 1937 he had acquired the property by virtue of a judgment of foreclosure, and that thereafter he did not exercise any control over the premises, which were under a lease to a Mrs. Torello, and that he did not know nor was the situation such as to put him upon reasonable inquiry as to the use to which the building was dedicated by his tenant.

To this second defense, the plaintiff has demurred on the ground, variously stated, that such a defense is without merit in view of the definite imposition of liability upon an owner by the announced policy of the Legislature.

The statutes upon which the plaintiff takes her position read as follows, the immaterial portions being omitted:

§2613.  Each story above the first story of a building used as a boarding or lodging house accommodating more than 12 persons shall be provided with more than one way of egress, by stairways on the inside or fire escapes on the outside of such building.

§2616.  In any case in which the death of any person shall ensue in consequence of the failure of the owner of any building to provide the same with fire escapes or stairways as required by the provisions of section 2613, such owner shall be

liable in damages for the injury caused by the death of such person.

It is, of course, perfectly obvious that these measures were adopted for the safety of the occupants of the enumerated classes of structures. The police power of the state is ample warrant to justify the legality of any statute whose aim is the furtherance of protecting the lives of men and women. *Welch vs. Hotchkiss,* 39 Conn. 140. The threat of possible liability for the owner of a building to assume is unquestionably a very proper as well as a very effective weapon to compel observance of the law.

It might be said in passing, by way of parenthesis, that the demurrer raises no question as to who is an "owner." On this subject, there is not a uniformity of opinion. In some jurisdictions, where analogous statutes have been construed, it has been held that a tenant in possession is the owner. *Schott vs. Harvey,* 105 Pa. 222; *Lee vs. Smith,* 42 Ohio St. 458. *Contra, Yall vs. Snow,* 201 Mo. 511; *Goldwyn Distributing Corp. vs. Carroll,* 51 App. D.C. 75, 276 Fed. 63. *See, also,* annotation in 77 A.L.R. 1273. But, as above indicated, no question is presented on this subject.

However, it does not follow that an owner is liable in every event. For example, my neighbor leases to me a three-story building for my home. If, without his knowledge, I should suddenly convert the building into a lodging house for more than 12 persons, he ought not to be held for an unfortunate death due to fire, unless after knowing or after he ought to have known of the change I had made in the use of the premises, he then failed to provide the required number of exits.

The pleaded facts in the instant case are but slightly at variance with the example just cited. There is no suggestion that the defendant's building had been used by Mrs. Torello as a lodging house on any day other than that of the fire. To hold him liable on such a limited set of facts would be so arbitrary and unreasonable as to rob the statute of any life at all and might require this court to construe the statute as one enacted in excess of the constitutional powers of the Legislature.

I would be most reluctant to hold void a statute whose objective is so highly desirable. Nor is it necessary so to do, be-

cause of the use of the word "failure" which appears in the act. This word, it will be recalled, is the basis of the liability which may fall upon the owner. "In any case," the statute runs, "in which the death of any person shall ensue in consequence of the *failure* of the owner....to provide....fire escapes....such owner shall be liable...." (Italics supplied.)

Synonyms for this word are neglect, carelessness, or oversight. Using such synonyms, the difficulty arising from an automatic, and hence, arbitrary, imposition of liability upon an owner disappears. So construed, the statute will affix liability upon an owner only when he has neglected to meet the requirements of the statute, that is, only after he knows or ought to know of the use to which his building is put.

The plaintiff has argued that by inference the defendant must have possessed the knowledge of the use because he had owned it for over a year. This is a *non sequitur.*

On the only available facts before the court, it appears that on but one day—that of the fire—was the building used as a lodging house, and the defendant had neither knowledge of this use nor was he in possession of any information which should reasonably have put him on inquiry as to such use.

This defense is therefore available to the defendant and the demurrer must accordingly be overruled.