## DODGE'S MARKET, Inc. v. TURNER.

### No. 767.

Municipal Court of Appeals for the
District of Columbia.

Argued March 21, 1949.

Decided April 28, 1949.

---

Andrew A. Lipscomb, of Washington, D. C. (Minor Hudson and Geoffrey Creyke, Jr., both of Washington, D. C., on the brief), for appellant.

H. Max Ammerman, of Washington, D. C. (Louis Ottenberg, of Washington, D. C., on the brief), for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

This appeal involves the question of who is liable for payment of a bill for electrical wiring installed in a store by a contractor in compliance with requirements of the District of Columbia government.

The building is owned by Mrs. Nellie K. Dodge. For a number of years a grocery business was operated there as Dodge Brothers by Frederick A. Dodge, husband of Mrs. Nellie Dodge, and William Dodge, brother of Frederick A. Dodge. In July 1945 the Dodge brothers sold the business to a corporation known as Dodge's Market, Inc., of which the president was J. H. Elliott. At the same time Mrs. Nellie Dodge leased the premises to the corporation for five years with the right of renewal for an additional five years. Upon taking over the premises the corporation through its president, Mr. Elliott, made a contract for extensive alterations at the premises with Lee T. Turner, a general contractor. While such work was in progress, the District of Columbia government sent out a "defective wiring notice" requiring certain electrical work at the premises. This notice was addressed to "F. A. Dodge." It was turned over either by Frederick A. Dodge or William Dodge to Mr. Elliott, and by Mr. Elliott it was delivered to an employee of general contractor Turner. On orders of Mr. Turner the work was done by a subcontractor who was engaged on other electrical work on the job. The electrical work was billed by Turner upon the same basis agreed upon with Mr. Elliott for work under the original contract, but the bill remains unpaid.

Upon refusal of every one concerned to pay the bill, general contractor Turner brought suit against Dodge's Market, Inc., and against Mr. Elliott, Frederick A. Dodge, William Dodge, and Mrs. Nellie K. Dodge, as individuals. The trial court gave judgment in favor of the plaintiff, Mr. Turner, against Dodge's Market, Inc., only and found in favor of the other named defendants. Dodge's Market, Inc., prosecutes this appeal.

The judgment was based primarily upon a finding of fact by the trial court

that the items included in the claim were ordered by Dodge's Market, Inc., by and through its president, Mr. Elliott. While the testimony on this point was conflicting, we believe that there was substantial evidence to sustain the finding. Mr. Turner testified unequivocally that the work was authorized by Mr. Elliott, and there was other circumstantial evidence justifying the same conclusion. It is fundamental, of course, that, in the absence of circumstances indicating otherwise, one who orders work done impliedly promises to pay for it.[1] There was testimony in the present case that Mr. Elliott informed Mr. Turner that he would pay for the work if the Dodge brothers did not pay for it. Appellant (Dodge's Market, Inc.) urges that such promise was not enforceable because it was oral and therefore contrary to the statute of frauds.[2] Appellant's liability does not rest upon the explicit promise to pay if Dodge brothers did not pay but rather upon the implied promise to pay for work ordered. Furthermore, so far as the contractor was concerned, neither of the Dodge brothers was under a duty to pay for the work, and they would not have been benefited by it. The corporation, on the other hand, received a direct benefit since the store could not be operated without the completion of the electrical work. Under such conditions the statute of frauds is not applicable.[3] Mrs. Dodge was the landlord, and there was no testimony that she ordered the work or authorized anyone to have it done or ratified the installation. In general a landlord is liable as between himself and his tenant for changes in property ordered by public authority, in the absence of an agreement to the contrary,[4] but this liability does not affect the liability of a tenant to a contractor for work ordered by the tenant. Whatever claims Dodge's Market, Inc., may have against Mrs. Dodge or against the Dodge brothers, we are clear that the trial court ruled correctly that the corporation became liable to the contractor when its authorized representative ordered the work to proceed, without any prior agreement that it would be paid for by some one else.

Affirmed.

[1] Restatement, Contracts, § 5; Restatement, Restitution, § 107(2); 58 Am. Jur., Work and Labor, § 3.

[2] Code 1940, § 12—302.

[3] Restatement, Contracts, § 180; 49 Am.Jur., Statute of Frauds, §§ 128, 65, 90; Raveret-Weber Printing Co. v. Wright, 301 Ill.App. 421, 23 N.E.2d 203; Thomas v. Williams, 173 Okl. 601, 49 P.2d 557; Raton Wholesale Liquor Co. v. Besre, 49 N.M. 121, 158 P.2d 295; Hapke v. Davidson, 180 Mich. 138, 146 N.W. 624; Price v. Bethea, 167 S.C. 376, 166 S.E. 409.

[4] 32 Am.Jur., Landlord and Tenant, § 661; Goldwyn Distributing Corp. v. Carroll, 51 App.D.C. 75, 276 F. 63; Annotation to Borden v. Hirsh, 249 Mass. 205, 143 N.E. 912, 33 A.L.R. 530.