James M. BUCKLEY and Autumn D. Buckley, Appellants,

v.

Albert L. LIGGETT, Appellee.

No. 3841.

District of Columbia Court of Appeals.

Submitted Feb. 28, 1966.

Decided April 15, 1966.

Herman Miller, Washington, D. C., for appellants.

Milton Conn, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge:

Appellee occupied, under a written lease from appellants, the first floor of a building owned by appellants where he operated a self-service automatic laundry. During the term of the lease appellants applied to the District of Columbia for a Certificate of Occupancy for the use of the second and third floors of the building as apartments. They were notified that before the Certificate of Occupancy could be issued it would be necessary, in order to comply with the District of Columbia Building Code, to fire-protect the walls,

ceiling and doors separating the commercial area on the first floor from the proposed residential area above. Appellants called upon appellee to install the fireproofing, maintaining this was his duty under the terms of the lease. When appellee refused to do so, the landlords filed suit for possession. After hearing, restitution of the commercial premises was denied, the trial court holding that appellee had no obligation under his lease to pay for fireproofing of the building as called for by the order of the District of Columbia. From this ruling the landlords appealed.

The lease between the parties limited the use of the first floor to the operation of an automatic coin-operated self-service laundromat and permitted installation in the basement of a boiler and other equipment necessary for the operation of the laundry. It is not necessary to detail the other terms of the lease as we are concerned only with the one providing that the tenant shall pay all repairs rendered necessary by the operation of the laundromat. Appellants maintain that this provision is broad enough to place upon appellee the obligation to cover the walls, ceiling and doors of the area he occupied with fire-resistant materials. Their position is that the District of Columbia would not have ordered this protection except for the existence of the laundromat on the first floor.[1]

In our opinion both logic and law dictate the conclusion that this provision of the lease contemplated only such repairs as may be applicable to the operation of the laundromat on the ground floor and did not encompass repairs or major improvements to other parts of the building for purposes not directly associated with the laundromat and which were primarily for the benefit of the landlord. Absent an agreement to the contrary between the landlord and the tenant, the landlord is liable for the expense of making any repairs, alterations or improvements directed by a public authority. Dodge's Market v. Turner, D.C. Mun.App., 67 A.2d 526 (1949); Goldwyn Distributing Corp. v. Carroll, 51 App.D.C. 75, 276 F. 63 (1921); 33 A.L.R. 530 (1924).[2] And where the alterations or improvements ordered by a public authority are of a structural or substantial nature, as here, the landlord is ordinarily held to be liable where the tenant's covenant is merely to repair. Taylor v. Gunn, 190 Tenn. 45, 227 S.W.2d 52, 55 (1950).

We hold the trial court correctly found that appellee had not violated any provision of his lease by refusing to pay for the fireproofing of the building and properly denied appellants' complaint for possession.

Affirmed.

1. The portion of the building occupied by appellee had been used since 1959 for the operation of a laundromat. The order of the District of Columbia on September 24, 1964, for the installation of fireproofing was precipitated by appellants' application for an occupancy permit for the use of the upper floors of the building for residential purposes. The proposed apartments had a separate and closed stairway, unconnected with the laundromat.

2. Even a covenant by the tenant to comply with requirements of public authorities has been held to render him liable only for alterations or improvements that are necessary incidental repairs or replacements. See Annot. 33 A.L.R. 534 (1924).