**George DRAVILLAS, Appellant,**

v.

**Ada R. VEGA, Appellee.**

**No. 6177.**

District of Columbia Court of Appeals.

Submitted March 22, 1972.

Decided Aug. 15, 1972.

---

Herman Miller, Washington, D. C., for appellant.

John J. Dwyer, Bladensburg, Md., for appellee.

Before KELLY, FICKLING and GALLAGHER, Associate Judges.

GALLAGHER, Associate Judge:

Appellant, a real estate broker and owner of a building located at 1922 Eye Street, N.W., in this city entered into a three-year lease with appellee to rent the first floor for use as a beauty parlor. Appellee sued for rescission of the lease and for damages as reimbursement of her investment in the leased premises plus expenses, and for loss of profits.[1] Appellant counterclaimed for four months unpaid rent in the amount of $640.00.

The gist of plaintiff's (appellee's) action was that she was unable to operate a beauty parlor on the premises for a substantial period because shortly after the lease was executed the District's Department of Licenses and Inspections required corrections to be made before an occupancy permit would be issued. The trial court found that though the lease contained a provision obligating appellee to maintain the premises so as to comply with ordinances, laws and regulations for their use as a beauty salon this provision "presupposed that the basic structural quality of the building did not militate against the use of the premises for a beauty salon." The court found, further, that the purport of this lease provision was that "the [tenant] would have to do that which was necessary to take a complying building and modify it so that it was useable as a beauty salon. But no obligation was placed upon the tenant to

---

1. By agreement of appellant's counsel and with permission of the court an amended complaint was later filed.

make such profound structural changes and improvements on the premises so as to bring them into compliance with the building regulations." Finding that the premises were not useable for any commercial purpose, the court concluded that appellant misrepresented the "bases of the transaction" and, alternatively, that there was a breach of implied warranty as to the nature and condition of the premises.[2] The court granted appellant's counterclaim for rent due in the amount of $640 and, applying this sum, entered judgment for appellee in the amount of $3,860 for loss of revenue suffered by appellee.

The trial court's conclusion that the duty was upon appellant (the landlord) to make the structural changes necessary to bring the premises into compliance with the building regulations is supported by substantial evidence[3] and is a correct statement of the law. Buckley v. Liggett, D.C.App., 218 A.2d 515 (1966).

This leaves whether there is merit to appellant's contention, in substance, that the award of damages was not supported by the evidence.[4]

A review of the record shows the testimony addressed to damages was hardly a model of precision and lacked the solidity of documentary support. Nevertheless, we think the evidence was adequate to support the damages awarded. "An injured party will not be precluded from recovering damages because he cannot prove his exact damages." R. S. Willard Co. v. Columbia Van Lines Moving & Storage Co., D.C. App., 253 A.2d 454, 456 (1969). A trial judge may "make a just and reasonable estimate of the damage based on relevant data and render his decision accordingly." District News Co. v. Goldberg, D.C.Mun. App., 107 A.2d 375, 377 (1954). We conclude the evidence was sufficient to permit a reasonable estimate and this is what was done here, and the award should not be disturbed.

Affirmed.

---

2. In so ruling, the court denied rescission of the lease on the authority of Campbell Music Co. v. Singer, D.C.Mun.App., 97 A.2d 340 (1953), because appellee waited an unreasonable length of time to seek such relief. We conclude this ruling was correct.

3. D.C.Code 1967, § 17–305(a).

4. We find no merit in appellant's contention that it was error to deny the motion to dismiss for want of prosecution. Appellant also argues that the theory of the damages award, *viz.*, loss of earnings, was erroneous. In the circumstances of this case, this theory was reasonable and applicable.