The DESIGNERS OF GEORGETOWN,
INC., Appellant,

v.

E. C. KEYS & SONS, et al., Appellees.

No. 80–562.

District of Columbia Court of Appeals.

Argued Aug. 4, 1981.

Decided Sept. 3, 1981.*

Ira C. Wolpert, Washington, D. C., for appellant.

F. Wainwright Barnes, Washington, D. C., for appellees.

Before KERN, NEBEKER and PRYOR, Associate Judges.

* The original disposition of this case was by an unpublished Memorandum Opinion and Judgment.

PER CURIAM:

Appellee Keys was determined by the trial court after a trial without a jury to have been negligent in pumping fuel oil into the basement of appellant's store (Designers). The court awarded damages to appellant and this appeal challenges the court's computation of those damages. Appellant argues that various errors by the trial court led to an incorrect award of damages.

Appellant first contends that in arriving at a figure for lost profits, the trial court did not make its findings of fact with sufficient particularity to satisfy the mandate of Super.Ct.Civ.R. 52. In essence, the court credited the testimony of appellee's expert witness on this issue rather than appellant's expert. The trial court, after hearing the testimony of both, considered their qualifications, demeanor, experience, reasoning and testimony and found Keys' expert to be more credible and adopted his opinion as to the amount of lost profits. The court set all this forth in its findings.

■ Contradictory expert testimony presents an issue of fact for the fact-finder, *McCrossin v. Hicks Chevrolet, Inc.*, D.C. App., 248 A.2d 917, 920 (1969); *Mann v. Robert C. Marshall, Ltd.*, D.C.App., 227 A.2d 769, 771 (1967), and factual findings by the trial court will not be overturned on appeal unless the record does not provide substantial evidence to support the findings. *Edison v. Scott*, D.C.App., 388 A.2d 1239, 1241 (1978). Although challenged here by appellant as not being specific enough to comply with Rule 52, the trial court's findings regarding the experts had substantial support in the record and were sufficiently detailed. We have no reason, therefore, to question the theory employed by the court to compute damages for lost profits.

■ Appellant also asserts error in the trial court's denial of damages for lost goodwill and interest expense incurred on a loan purportedly necessary as a result of appellee's negligence. It is not contested that appellant has the burden of proving all elements of its claim for damages. On these issues, as the trial court found, appellant failed to sustain this burden of proof and we find no reversible error under the circumstances here.

■ With respect to lost goodwill and lost profits, appellant maintains that any failures of proof were due to erroneous evidentiary rulings by the court during the trial which resulted in the exclusion of what was arguably admissible evidence.[1] Our review of the record reveals no such errors; the trial court was well within the bounds of its discretion in its rulings.

■ Appellant notes correctly that damages are not required to be proved with mathematical certainty. *Sears, Roebuck & Co. v. Goudie*, D.C.App., 290 A.2d 826, 833 (1972). We do not credit, however, appellant's contention that mathematical certainty was required of appellant by the trial court to meet its burden of proof. The concern expressed by the court at trial in its use of the phrase "mathematical certainty" was, when viewed in context, that there be some reasonable basis on which to make an estimation of damages. *Dravillas v. Vega*, D.C.App., 294 A.2d 363, 365 (1972). While a reliable estimate was given for lost profits, with respect to lost goodwill no basis was provided which would support a separate award.

■ Appellant's final claim on appeal is that the trial court should not have subtracted from its award an amount paid by the insurer, Maryland Casualty Company (Maryland) for its business interruption loss resulting from appellee's negligence. The trial court's conclusion that the business

1. Specifically, appellant claims that it was error not to allow its expert to testify as to the reasons he did not consider certain expenses in estimating lost profits (no personal knowledge of Designers' operation prior to 1977, beyond the scope of re-cross examination); not to allow Designers' president to testify to a dollar figure for lost goodwill (not an expert); and not to allow the store's manager to testify to the reaction of customers to the condition of merchandise after the accident (hearsay).

interruption portion of the insurance payment represented lost profits is amply supported by the record and we agree that the sum should have been subtracted from the judgment by the trial court to prevent a double recovery. The insurance contract between Maryland and Designers contained a standard subrogation clause by which Designers surrendered to Maryland all rights it might have exercised against Keys with respect to amounts paid by Maryland.[2] *Motors Insurance Co. v. Home Indemnity Co.,* D.C.App., 284 A.2d 58, 59 (1971). Appellant nevertheless maintains that the collateral source rule should allow it to maintain an action for the portion of its lost profits paid by Maryland as a business interruption loss. Since Designers has sacrificed its rights to that portion of its damages to Maryland, the collateral source rule plainly does not apply.

*Affirmed.*

---

**2.** The record reflects that prior to trial Designers was paid $68,913.50 by its insurer which covered all property damage and included $2,145.00 for business interruption loss. At trial, Designers sought additional damages for lost profits.