J-S41020-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                          :                   PENNSYLVANIA
                                          :

                v.                          :
                                          :

                                          :
SAMIRA HADI RANDOLPH             :
                                          :

             Appellant             :       No. 691 MDA 2022

Appeal from the Judgment of Sentence Entered March 22, 2022
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0002606-2020

BEFORE:   LAZARUS, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.:             **FILED:  JANUARY 6, 2023**

Samira Hadi Randolph (Appellant) appeals from the judgment of

sentence imposed after a jury convicted her of one count of theft by unlawful

taking and the trial court convicted her of harassment.[1]  We affirm.

The trial court recounted the underlying facts as follows:

Appellant worked for Senior Helpers, a service which provides in-
home caretakers for elderly individuals.  Mary Parise (hereinafter
"victim" [or "the victim"]) was a client of Senior Helpers, and
Appellant was one of the caretakers that visited her home on a
shift basis.  On March 8, 2020, Appellant was working a shift in
the victim's home when Appellant and victim became involved in
an altercation, which according to the victim's testimony,
culminated in Appellant striking victim on her ears.  Although the
evidence suggests that there were multiple factors contributing to
the argument, one of the causes of the tension between Appellant
and victim was a cast iron statue of Aunt Jemima (hereinafter "the

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3921(a) and 2709(a)(1).

statue"), which victim had been using as a doorstop.  Appellant, who is African American, took offense to the statue which, in her view, was racist.

After Appellant left victim's home that evening, the victim reported that various items were missing from her home, including a diamond watch, a necklace, several gold nuggets, approximately $400 in cash, and the aforementioned statue. Victim, with the assistance of her [son], submitted an insurance claim for the items, including the statue.  The necklace and gold nuggets have since been found in victim's house, but the diamond watch, cash, and statue have not been recovered.  As for the statue, Appellant admitted to removing it from victim's home. Appellant initially told her employer and the police that the victim told her to throw the statue away, and, therefore, she (Appellant) threw the statue in the garbage at victim's home on the night of March 8, 2022, after the altercation.  Later, however, authorities discovered that Appellant had taken a picture of the statue on her phone.  According to information obtained via geotagging, authorities determined that the picture was taken on March 9, 2022, at 9:50 a.m. at 207 Lincoln Street in Steelton, which is in the same block of Steelton where Appellant resides.

On April 20, 2022, during an interview with police, Appellant was confronted with the photograph of the statue that was taken near her residence, and at that point, Appellant revised her version of events and claimed that she had in fact thrown the statue away at her own house instead of victim's house.  During her testimony at trial, Appellant claimed that she wanted to take a picture of the statue to show her employer, so she tried taking a picture of the statue outside of the victim's house on the night of the incident. However, since it was raining heavily, she was unable to get a picture and took the statue with her.  Appellant stated that she was worried about being accused of stealing and being charged with a crime if she admitted to taking the statue to her residence, and this is what prompted her to initially tell her employer that the picture was taken at the victim's house.

Trial Court Opinion, 7/14/22, at 2-4 (record citations omitted).

On January 21, 2022, a jury convicted Appellant of the aforementioned

charges but acquitted her of one count each of abuse of care — dependent

- 2 -

person, terroristic threats, simple assault, and intimidation of victim/witness.[2] On March 22, 2022, the trial court sentenced Appellant to 1-12 months in prison for theft by unlawful taking and to pay the costs of prosecution for the harassment charge. The trial court told Appellant it would "consider releasing her on parole without supervision, after she had served her minimum one (1)-month sentence of incarceration." Trial Court Opinion, 7/14/22, at 1.

Appellant filed a post-sentence motion on April 1, 2022. On April 12, 2022, the trial court denied Appellant's request for an arrest of judgment and a new trial but granted her request for parole without supervision as soon as she paid the costs and restitution owing. Order of Court, 4/12/22, at 1 (unnumbered). Appellant paid the monies owed and, on April 18, 2022, the trial court issued an order paroling Appellant without supervision, effective on April 22, 2022. The instant, timely appeal followed.[3]

Appellant raises the following issues:

A. WHETHER THE TRIAL COURT ERRED IN ACCEPTING THE JURY'S VERDICT WHERE THE COMMONWEALTH FAILED TO PRESENT SUFFICIENT EVIDENCE APPELLANT TOOK THE [STATUE] WITHOUT THE OWNER'S CONSENT[?]

B. WHETHER THE TRIAL COURT ERRED IN ACCEPTING THE JURY'S VERDICT WHICH WENT AGAINST THE WEIGHT OF THE EVIDENCE WHICH ESTABLISHED THE COMPLAINANT GAVE THE [STATUE] TO APPELLANT[?]

---

[2] 18 Pa.C.S.A. §§ 2713.1(a)(1)(ii), 2706(a)(1), 2701(a)(3), and 4952(a)(1).

[3] Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

> C. WEHTHER THE TRIAL COURT ERRED IN INSTRUCTING THE JURY ON THE ELEMENTS OF THEFT BY UNLAWFUL TAKING BY COMMENTING ON THE FACTS OF THE CASE, IN FAVOR OF THE COMMONWEALTH, AND BY INSTRUCTING THE JURY TO DISREGARD EVIDENCE SURROUNDING THE COMPLAINANT'S INSURANCE CLAIMS[?]

Appellant's Brief at 4 (underlining omitted).

In her first issue, Appellant challenges the sufficiency of the evidence underlying her conviction for theft by unlawful taking.[4]  Appellant's Brief at 10-12.  Appellant argues "the jury did not believe the testimony from the Commonwealth witnesses," because they returned a verdict for a value of loss less than that the Commonwealth sought.  *Id.* at 11.  According to Appellant, the evidence was insufficient to sustain the verdict, because **she testified** the victim consented to her removing the statue.  *Id.*

When reviewing a sufficiency challenge, we determine "whether the evidence at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict winner, are sufficient to establish all elements of the offense beyond a reasonable doubt."  ***Commonwealth v. May***, 887 A.2d 750, 753 (Pa. 2005) (citation omitted).  "Further, a conviction may be sustained wholly on circumstantial evidence, and the trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the

---

[4] Appellant does not challenge the sufficiency of the evidence underlying her conviction for harassment.  Appellant's Brief at 10-12.

evidence." ***Commonwealth v. Miller***, 172 A.3d 632, 640 (Pa. Super. 2017)

(citation omitted). "In conducting this review, the appellate court may not

weigh the evidence and substitute its judgment for the fact-finder." ***Id.***

Here, the trial court concluded:

> A person is guilty of Theft by Unlawful Taking if "[s]he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof." ***Commonwealth v. Goins***, [8]67 A.2d 526, 528 (Pa. Super. 2004) (quoting 18 Pa.C.S.A. § 3921(a)). Movable property is "property the location of which can be changed." ***Id.*** (quoting 18 Pa.C.S.A. § 3901). A "deprivation" of such property occurs when someone: "(1) withhold[s] property of another permanently; or (2) disposes of the property so as to make it unlikely that the owner will recover it" ***Id.***

> Applying the above standard regarding sufficiency of the evidence claims, and considering the elements of Theft by Unlawful Taking, there was more than sufficient evidence from which the jury could find Appellant guilty of this offense, as it pertains to the Aunt Jemima statue. The evidence, **viewed in the light most favorable to the Commonwealth**, established that Appellant undisputedly removed the statue from victim's home, and disposed of it. As for Appellant's purported defense, it was reasonable for the jury to conclude that such removal was not authorized by victim. As explained above, while Appellant claimed that victim authorized the disposal of the statue, Appellant made contradicting statements regarding the statue's whereabouts throughout the course of the investigation, some of which were patently false. Moreover, the fact that the statue was reported stolen by victim's family and that victim filed an insurance claim for the statue implies that victim did not have an intention to dispose of the statue. Taking this into consideration, there was clearly sufficient evidence from which a reasonable juror could have determined that the taking of the statue from victim was not authorized, and, therefore, was unlawful.

- 5 -

Trial Court Opinion, 7/14/22, at 6-7 (emphasis added). The record supports the trial court's determination, and its legal conclusion is sound. *See id.* Appellant's first issue merits no relief.

In her second issue, Appellant challenges the weight of the evidence. Appellant's Brief at 13-14. She contends, "The Commonwealth witnesses' testimony was riddled with inconsistencies regarding the items taken and the value associated with those items." *Id.* at 13.[5]

"A weight of the evidence claim concedes that the evidence is sufficient to sustain the verdict but seeks a new trial on the grounds that the evidence was so one-sided or so weighted in favor of acquittal that a guilty verdict shocks one's sense of justice." *In re A.G.C.*, 142 A.3d 102, 109 (Pa. Super. 2016) (citation omitted). "Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence." *Commonwealth. v. Widmer*, 744 A.2d 745, 753 (Pa. 2000) (citation omitted).

> Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial

---

[5] To the extent Appellant claims inconsistent verdicts, *see* Appellant's Brief at 13-14, she waived the claim as she did not raise it in her court-ordered Rule 1925(b) statement. *See* Statement of Matters Complained of on Appeal, 6/21/22, at 1-2 (unnumbered). *See also* Pa.R.A.P. 1925(b)(4)(vii); *Commonwealth v. Given*, 244 A.3d 508, 510 (Pa. Super. 2020) (appellant waived all issues on appeal by failing to raise them in his Rule 1925(b) statement).

judge when reviewing a trial court's determination of whether the verdict is against the weight of the evidence.

***Id.*** (citation omitted).

The trial court addressed this claim in its opinion, citing relevant law and concluded the claim lacked merit:

> In the instant matter, the jury's verdict of guilty was not so contrary to the evidence as to shock one's sense of justice. Based on the evidence presented in this case, Appellant's main defense to the Theft charge, as it pertains to the statue, was that victim gave her permission to throw the statue away. However, Appellant's statements in this regard were both self-contradictory and contradicted by the testimony and evidence presented by the Commonwealth's witnesses.
>
> First, Appellant, throughout the course of this case, made contradictory and untrue statements regarding her purported disposal of the statue. Appellant initially told her employer and the police that victim had given her permission to dispose of the statue and that she (Appellant) disposed of the statue at victim's residence on the night of their altercation. However, Appellant was later confronted with evidence that the statue had been present at her own residence the day after, proving that her first statement regarding the statue's disposal was false. At that point, Appellant changed her story to claim that she took the statue with her and threw it away somewhere else because it was raining outside of victim's house on the night of the incident, and she was unable to take a picture of the statue at victim's home. She attempted to explain that her first untrue account was prompted by a fear of being charged with stealing.
>
> Second, Appellant's claim that victim authorized the disposal of the statue is clearly contradicted by evidence presented by the Commonwealth. Of particular gravity, the victim and her family reported the statue as a missing item when they contacted the authorities, and, furthermore, the victim submitted an insurance claim for the statue. Considering that victim attempted to recover the statue following its disappearance, it would be illogical to infer that victim authorized the statue's disposal, as Appellant claims. Taking this into consideration, and

in light of the glaring inconsistencies and falsehoods in Appellant's statements regarding the statue, it was reasonable for the jury to conclude that the weight of the evidence supported a finding that Appellant was in fact not authorized to dispose of the Aunt Jemima statue. Therefore, Appellant's claim that the jury's finding of guilt was against the weight of the evidence is without merit.

Trial Court Opinion, 7/14/22, at 4-6. The trial court's determination is supported by the evidence, and we discern no abuse of discretion or error. *See id.* Accordingly, Appellant's second claim lacks merit.

In her third issue, Appellant maintains: "The trial court erred while instructing the jury on the elements of theft not to consider issues involved in the insurance claim filed by Appellant[.]" Appellant's Brief at 9; *see id.* at 14-22. Appellant has waived this claim.

The standard governing our review of a challenge to jury instructions is as follows:

When reviewing a challenge to part of a jury instruction, we must review the jury charge as a whole to determine if it is fair and complete. A trial court has wide discretion in phrasing its jury instructions, and can choose its own words as long as the law is clearly, adequately, and accurately presented to the jury for its consideration. The trial court commits an abuse of discretion only when there is an inaccurate statement of the law.

*Commonwealth v. Jones*, 954 A.2d 1194, 1198 (Pa. Super. 2008) (citation omitted).

This Court has stated:

In order to preserve a claim that a jury instruction was erroneously given, the [a]ppellant must have objected to the charge at trial. *See Commonwealth v. Spotz*, 84 A.3d 294, 318 n.18 (Pa. 2014) (citations omitted); Pa.R.A.P. 302(b) ("A general

- 8 -

exception to the charge to the jury will not preserve an issue for appeal. Specific exception shall be taken to the language or omission complained of."); Pa.R.Crim.P. 647(B) ("No portions of the charge nor omissions from the charge may be assigned as error, unless specific objections are made thereto before the jury retires to deliberate."). As our Supreme Court has explained:

> The pertinent rules, therefore, require a specific objection to the charge or an exception to the trial court's ruling on a proposed point to preserve an issue involving a jury instruction.
>
> ***Commonwealth v. Pressley***, 584 Pa. 624, 887 A.2d 220, 224 (Pa. 2005) (footnotes and citations omitted); ***see Commonwealth v. Garang***, 9 A.3d 237, 244-245 (Pa. Super. 2010) (citations omitted); ***Commonwealth v. Moury***, 992 A.2d 162, 178 (Pa. Super. 2010) (citations omitted).

***Commonwealth v. Parker***, 104 A.3d 17, 29 (Pa. Super. 2014).

Here, Appellant did not request a specific charge on theft by unlawful taking, and she lodged no objection to the trial court's charge. ***See*** N.T., 1/20/22, at 86 (trial court noting, "there's nothing terribly unusual" about Appellant's proposed points for charge); N.T., 1/21/22, at 273-90. Moreover, at the conclusion of its charge, the trial court asked counsel "whether there are any exceptions to the charge or failure of the charge on a material point." N.T., 1/21/22, at 291. Appellant's counsel replied, "No, Your Honor." ***Id.*** Thus, Appellant waived any challenge to the jury charge. ***Parker***, 104 A.3d at 29.

For the reasons discussed above, Appellant's issues are either without merit or waived. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>01/06/2023</u>